JOHN T. PAKE v. J. C. BYRD, BOBBY BYRD, AND MACKIE WHITE, T/A BYRD FARMS

No. 813DC520

(Filed 2 February 1982)

**1. Sales § 5— used tractor—express warranty given**

   In an action by plaintiff for the refund of the purchase price of a used tractor, the trial court did not err in finding that defendants expressly warranted that, at the time of the sale, the tractor was in good condition and free from mechanical defect where: (1) defendants had superior knowledge of the subject matter; (2) the circumstances were such that the plaintiff, as a reasonable man, was entitled to rely on the defendant's statements; (3) the statements were a part of the basis of the bargain.

**2. Sales § 5— used tractor—breach of express warranty**

   Plaintiff offered sufficient evidence to establish breach of an express warranty that a used tractor he purchased was in good condition and free from major mechanical defects where the evidence was sufficient to support the trial court's finding that the defective condition of the tractor existed at the time of purchase.

APPEAL by defendants from *Phillips (Herbert O.), Judge.* Judgment filed 5 March 1981 in District Court, CARTERET County. Heard in the Court of Appeals 13 January 1982.

Defendants appeal the decision of the trial court granting plaintiff a recovery, under an express warranty, for the refund of the purchase price of a used tractor. The transaction which is the subject matter of this litigation involved the purchase for $4,013 of a used John Deere 3020 gas tractor which, shortly after the sale, required repairs for major mechanical defects, the estimated cost of which would have been $3,500. In his complaint plaintiff alleged that at the time of the sale, defendants had represented the tractor as being in good operating condition. Plaintiff subsequently notified defendants concerning the defects, tendered its return, and demanded refund of the purchase price. Defendants answered, stating that the sale was "as is" and that no warranties were made regarding the condition of the tractor.

*Bennett, McConkey & Thompson, by Thomas S. Bennett, for plaintiff appellee.*

*Bryan, Jones & Johnson, by Robert C. Bryan, for defendant appellants.*

MARTIN (Harry C.), Judge.

[1]   In order to determine the rights of the parties under these facts, we must first resolve the threshold question of whether, under the provisions of N.C.G.S. 25-2-313, defendants expressly warranted to plaintiff that the tractor was in good condition and free from major mechanical defects.

The statute states in pertinent part:

> Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

N.C. Gen. Stat. § 25-2-313(1)(a) (1965).

We note initially that secondhand goods may have an express warranty attached to them and that the warranty provisions are applied without regard to whether the seller is a manufacturer, merchant, or farmer. *See* 3 Williston on Sales § 17-4 (4th ed. 1974). Moreover, neither the formal words of an express warranty nor the seller's intent to afford such a warranty is necessary to fulfill the requirements of the statute. *See* N.C. Gen. Stat. § 25-2-313(2). "The single most important decision to make is whether the seller's statements were so regarded by the buyer as part of his reason for purchasing the goods." Williston, *supra*, § 17-5 at 12. Whether the parties to the transaction have created an express warranty is a question of fact. N.C. Gen. Stat. § 25-2-313, Comment 3 (1965).

We are persuaded under the facts before us that defendants expressly warranted to plaintiff that the tractor was in good condition and free from major mechanical defects. Plaintiff testified that his decision to purchase the tractor was initiated by the following advertisement which appeared in The News and Observer: "John Deere, 3020, gas, PWR [power shift], with 4 by 16 bottom plow. *Good condition.* $5,000.00." (Emphasis ours.) Plaintiff further testified that defendants represented to him that "they had never had any trouble; [t]hat it was a good tractor"; that "the only thing wrong with the tractor was that it was a used tractor; that it operated as good as when it was new"; and that "the transmission was in good condition and the hydraulic was in good condition." Plaintiff allegedly told defendants that if

he bought the tractor he would "buy it based on what they said because they had been operating the tractor and he had not." Plaintiff's father, who was present during these negotiations, corroborated plaintiff's testimony.

Defendants did not deny that they represented the tractor as being in good condition, but denied ever giving plaintiff an unqualified statement that there was nothing wrong with it. Bobby Byrd testified that he responded to each of plaintiff's inquiries concerning the condition of the tractor by stating that "as far as I know, it's good." Rather than intended as affirmations of fact, defendants contend that their responses were intended as mere opinion, "puffing" or sales talk. *See* N.C. Gen. Stat. § 25-2-313(2).

> The distinction between an affirmation or a description . . . from mere sales talk, or opinion, or puffing is so hazy that the courts in the final analysis will often rely on their own sense of fairplay, thereby evaluating the intentions of the parties to create an express warranty.

Williston, *supra*, § 17-5 at 10.

As the essential ingredient for this determination is whether the seller's affirmation became the basis of the bargain, we may look to certain objective criteria. The first is whether the statements were made before or after the sale was consummated. The second is whether the buyer knew of the seller's statements. Finally, where the buyer relies on his own skill and judgment, thereby essentially disclaiming any warranty, the seller's statements cannot be viewed as the basis of the bargain.

In the case sub judice, plaintiff was induced to inquire about the tractor by an advertisement representing it as being in good condition. Furthermore, defendants' statements were made prior to the purchase. Plaintiff testified that his decision to purchase was based on defendants' assurances. Although plaintiff and his father had many years of experience with tractors and knew something of their operation, Bobby Byrd testified that it would have been impractical for plaintiff to conduct more than an outward inspection of the engine. An examination by the buyer of goods does not necessarily discharge the seller from an express warranty if the defect was one which couldn't be located by the buyer. *Id.* § 17-5.

We hold that because of the following circumstances, defendants expressly warranted that, at the time of the sale, the tractor was in good condition and free from major mechanical defects: (1) Defendants had superior knowledge of the subject matter; (2) The circumstances were such that the plaintiff, as a reasonable man, was entitled to rely on the defendants' statements; (3) The statements were a part of the basis of the bargain. *See* 1 Anderson on the Uniform Commercial Code § 2-313:40 (2d ed. 1970).

[2]  A second and more difficult question raised by these facts is whether plaintiff has offered sufficient evidence to establish breach of the express warranty. "The seller's warranty is not his personal guarantee concerning the continuous and future operation of the goods which he has sold." Williston, *supra*, § 17-5 at 13-14. *See Blade v. Sloan*, 108 Ill. App. 2d 397, 248 N.E. 2d 142 (1969). It is therefore necessary to determine from the record before us that the defects complained of existed at the time of the sale.

In *Blade*, a seller's statement on the date of the sale that a used combine was "in good repair and ready to go into the field" was held to be an express warranty. Sellers, however, recovered on buyer's failure to establish a breach. In that case the combine had been checked and any necessary repairs to put it in good operating condition were made a week prior to the sale. The sellers testified that they had never had problems with the motor of the combine and that the machine ran smoothly when driven two days before the sale.

We find the facts before us distinguishable and the evidence sufficient to support a finding that the defect of which plaintiff complains existed at the time of the sale. Defendants delivered the tractor to the plaintiff on a Saturday. The following Monday plaintiff first attempted to use the tractor. He immediately detected a knocking sound in the engine, turned the engine off, and notified his father. Plaintiff's father testified that when he telephoned the defendants to report the noise, J. C. Byrd "admitted that he had had trouble with that." However, he assured Mr. Pake, Sr. that "it was nothing to worry about, just a minor adjustment," and that "sometimes the hydraulic system knocks." J. C. Byrd denied having this conversation.

Isaac Boyd, a diesel mechanic, testified that when he checked the engine of the tractor, the bearing was locked to the shaft, the shaft was ruined, and the damage could have been caused by excessive wear in the motor. He stated that "there is no way of telling in advance that it is going to happen except when it begins to knock; that knocking was caused by loose motion in the bearing of the shaft, and that's a warning sign you had better get it fixed."

Based on this testimony, the evidence is sufficient to support the trial court's finding that the defective condition of the tractor existed at the time of the purchase.

> Where the trial judge sits as the trier of the facts, his findings of fact are conclusive on appeal when supported by competent evidence. This is true even though there may be evidence in the record to the contrary which could sustain findings to the contrary. . . . The trial judge is both judge and jury, and he has the duty to pass upon the credibility of the witnesses who testify. He decides what weight shall be given to the testimony and the reasonable inferences to be drawn therefrom. The appellate court cannot substitute itself for the trial judge in this task.

*General Specialties Co. v. Teer Co.*, 41 N.C. App. 273, 275, 254 S.E. 2d 658, 660 (1979) (citations omitted).

The decision of the trial court is

Affirmed.

Chief Judge Morris and Judge Vaughn concur.