DANIEL F. HALL v. T. L. KEMP JEWELRY, INCORPORATED

No. 8415DC53

(Filed 6 November 1984)

1. **Sales § 5.1; Uniform Commercial Code § 11— sale of bracelet—no express warranty**

   Defendant jeweler did not expressly warrant the value of a bracelet sold to plaintiff when he proceeded with the transaction after plaintiff stated, "If I have $2,000.00 worth of jewelry, let's wrap it up," or when he gave plaintiff a written appraisal of the bracelet for insurance purposes after the sale was consummated. G.S. 25-2-313.

2. **Fraud § 3.2— opinion as to value—no fraud**

   Defendant jeweler's representation as to the value of a bracelet sold to plaintiff was nothing more than an opinion and did not constitute actionable fraud.

3. **Unfair Competition § 1— representations as to value—no unfair trade practice**

   Defendant jeweler's oral representations and written appraisal of the value of a bracelet sold to plaintiff did not constitute an unfair or deceptive trade practice under G.S. 75-1.1.

APPEAL by plaintiff from *Hunt, Judge*. Judgment entered 11 July 1983 in District Court, ORANGE County. Heard in the Court of Appeals 18 October 1984.

This is a civil action wherein plaintiff seeks compensatory, treble and punitive damages for defendant's alleged breach of express warranty, fraudulent misrepresentation and unfair and deceptive trade practices. The claim arises out of a transaction between the parties in which plaintiff purchased a 14 karat gold seven inch rope bracelet with diamonds and emeralds for $1,976.00 from defendant jewelry store.

Defendant answered denying the charges and moved for summary judgment. The trial court heard the motion on 11 July 1983

and granted it as to all counts. From entry of summary judgment for defendant, plaintiff appeals.

*Dailey J. Derr, for plaintiff appellant.*

*Jordan, Brown, Price and Wall, by Charles Gordon Brown and Jeff Mason, for defendant appellee.*

HILL, Judge.

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of the defendant. Summary judgment is proper if the pleadings, depositions, interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56. An appeals court uses a two-pronged analysis to determine if entry of summary judgment is proper: (1) is there a genuine issue of material fact, and (2) is the movant entitled to judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). To establish the first prong, the court must look at the record in the light most favorable to the party opposing the motion, in this case the plaintiff. *Peterson v. Winn-Dixie*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972). The second prong of the test requires that the evidence which is offered in support of the motion be examined in light of the substantive rules of law as they relate to plaintiff's claim for relief. *Johnson, supra.*

No genuine issue of material fact remains between the parties. The record viewed in the light most favorable to plaintiff tends to establish: On 25 May 1982, plaintiff went into T. L. Kemp Jewelry Store in Chapel Hill to look for an anniversary present for his wife. Plaintiff had recently moved from Ohio to the area. His family had not yet joined him. Plaintiff expressed an interest in a gold bracelet with diamonds and emeralds marked for sale at $2,650. Apparently defendant and plaintiff discussed the price at that time but he left the store without making a purchase. Sometime before 28 May 1982, plaintiff telephoned the store owner and asked if "he had any room in his price" for the bracelet. Defendant said no. On 28 May 1982, plaintiff returned to the jewelry store where he purchased the bracelet for $1,900.00 plus $76.00 tax.

During his negotiations with defendant, plaintiff explained that he was accustomed to buying his fine jewelry through a wholesaler and thus was inexperienced in dealing with a retail jeweler. Plaintiff indicated that he was aware of a dollar difference between wholesale and retail prices but he expressed a willingness to pay the difference so long as the value of the jewelry was commensurate with the purchase price. The owner assured the plaintiff that the gold and stones were of "excellent quality." Plaintiff said, "If I have $2,000.00 worth of jewelry, let's wrap it up."

While the bracelet was being gift wrapped, plaintiff asked defendant to supply an appraisal of the bracelet suitable for insurance purposes. The defendant responded that he would supply the appraisal for insurance purposes only and that it would provide for adequate replacement coverage. Defendant later sent an appraisal dated 5 June 1982 to plaintiff which stated that the bracelet had a value of $2,650.

Plaintiff paid for his purchase with his American Express Card. He intended to take the bracelet back with him to Ohio and present it to his wife on 31 May 1982, their anniversary. Because he was unsure if the bracelet would be acceptable to his wife, plaintiff requested that defendant delay submission to American Express of the charge slip signed by him on 28 May 1982, until 31 May 1982, the day he intended to present the gift to his wife. Plaintiff said that if defendant did not hear from him on 31 May 1982, he should submit the charge to American Express. Because the bracelet was acceptable to his wife, plaintiff did not contact defendant who therefore submitted the charge slip to American Express.

The bracelet was in the jewelry store on consignment for Sarah Terhune. On 11 June 1982, defendant gave Ms. Terhune a check for $1,320.00, her share of the sale price.

On 19 June 1982, plaintiff's wife got a second appraisal of the bracelet from a Maryland firm with whom plaintiff had previously dealt. That appraisal valued the bracelet at $900.00. Disappointed in the disparity between the appraisal value and the sum he had paid for the bracelet, on 31 July 1982 plaintiff presented the second appraisal and the bracelet to defendant and asked for his money back. Defendant offered to accept the returned bracelet in

exchange for a store credit, but he refused to refund the purchase price in cash. The store had a posted policy of no cash refunds. The exchange offered was unacceptable to plaintiff. Sometime later, defendant obtained a third appraisal from a Durham jeweler who valued the bracelet at $595.00. The parties were unable to resolve their dispute and plaintiff filed the present action on 18 February 1983.

Defendant does not dispute any of the foregoing facts which were presented by the plaintiff. Our inquiry now turns to a consideration of rules of law as they relate to the plaintiff's claim for relief.

[1] Plaintiff first claims that defendant is liable for damages caused by the breach of an express warranty under G.S. 25-2-313. Plaintiff claims the express warranties to him were created when defendant gave him assurances as to the value of the bracelet he purchased for $1,976.00. Prior to his final decision to purchase the jewelry, plaintiff said: "If I have $2,000.00 worth of jewelry, let's wrap it up." In response defendant proceeded with the transaction presumably affirming the statement made by plaintiff. In addition, plaintiff claims assurances as to value were offered by the appraisal requested by him after the sale was consummated and while the bracelet was being gift wrapped. Defendant subsequently sent the appraisal, dated more than a week after the transaction, to the plaintiff.

In order to overcome a motion for summary judgment as to this issue the plaintiff must present evidence tending to prove that defendant made: (1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant. *Pake v. Byrd*, 55 N.C. App. 551, 286 S.E. 2d 588 (1982).

G.S. 25-2-313(2) provides:

It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

The question we must answer is whether the statements as to value rose to the level of a warranty or whether they were merely opinion. The distinction between an affirmation or a description from mere sales talk or opinion or puffing is hazy. *Pake, supra.* 5 Williston on Sales § 17-5 (4th ed. 1974). The law recognizes that some sellers' statements are only sales palaver and not express warranties. Thus expressions such as "supposed to last a lifetime" or "in perfect condition" do not create an express warranty. *Motors, Inc. v. Allen*, 280 N.C. 385, 186 S.E. 2d 161 (1972). Our review of the case law of this state revealed no case where an opinion as to value, standing alone, was sufficient to amount to an express warranty. This does not necessarily mean that value could never become expressly warranted, but it suggests that in the ordinary course of business, a statement as to value is not considered an express warranty. No special circumstances appear in this case which would separate defendant's statements as to value from those of other merchants in an ordinary transaction. We find defendant made no express warranty as to the value of the bracelet.

[2] Plaintiff next seeks relief claiming that defendant's oral representations as to the value of the bracelet constituted fraud. To make out a case of actionable fraud, plaintiff must show: (a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that defendant knew the representation was false when it was made, or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that defendant made the false representation with the intention that it should be relied upon by plaintiff; (e) that plaintiff reasonably relied upon the representations and acted upon it; and (f) that plaintiff suffered injury. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

Plaintiff has failed to present evidence tending to prove that defendant misrepresented an existing fact. The fact allegedly misrepresented was the value of the bracelet. Plaintiff put forth evidence at the summary judgment hearing suggesting the bracelet had a multitude of values: the list price, the price bargained for, the $2,000 value suggested by the plaintiff and affirmed by action of the defendant, the three different appraisal values and the amount paid to consignor after the sale of the bracelet. The bracelet had no absolute value. All statements of value, oral or

written, by the defendant or others, were not facts but opinions. Plaintiff knew statements of value were opinions because he entered into negotiations with defendant for a better price based upon the premise that the marked price was not an absolute value. A representation which is nothing more than an opinion as to the value of property, absent something more, does not constitute actionable fraud. *Laundry Machinery Co. v. Skinner*, 225 N.C. 285, 34 S.E. 2d 190 (1945). *See also Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

[3] Finally, plaintiff asserts that defendant's specific oral representations and the written appraisal of value of the bracelet made by an experienced jeweler to the less knowledgeable buyer, who relied on defendant's expertise and knowledge, constitute unfair and deceptive acts because they were the sole inducement to the plaintiff to purchase the bracelet.

To determine if an act is unfair or deceptive under G.S. 75-1.1, the court must look at the facts surrounding the transaction and the impact on the marketplace. *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E. 2d 582 (1984).

Viewing the facts in context as presented by the plaintiff we find no unfair or deceptive trade practices. Plaintiff entered into a bargain which was freely negotiated over several days. Once the bargain had been struck, by agreement of the parties, defendant did not submit the signed charge slip to American Express for an additional several days. Plaintiff presented no evidence of overreaching, coercion or duress. He presented no evidence that the bracelet or its quality had been misrepresented. Plaintiff had ample opportunity to look after his own interests before the sale became final. *See Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 303 S.E. 2d 565, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983).

We find for the reasons recited above, entry of summary judgment was proper.

Affirmed.

Judges ARNOLD and WELLS concur.