SANDYE LEE HAYMAN v. RAMADA INN, INC.

No. 8721SC45

(Filed 7 July 1987)

**1. Principal and Agent § 4— injury in motel—failure to show principal-agent relationship**

In an action to recover damages against a motel franchisor for personal injuries sustained by plaintiff when she was assaulted while a patron of a Ramada Inn, plaintiff could not recover on the basis of a principal-agent relationship where defendant did not retain or exercise detailed control over the daily operation of the motel in question; apart from the imposition of a general duty upon the franchisee to maintain its accommodations "in a clean, attractive, safe and orderly manner," the contract imposed no standards and made no other provision with respect to security of the premises; and though defendant retained the right to conduct regular inspections of the accommodations to insure compliance with the contract and rules of operation, defendant's actual control was limited to a right to terminate the franchise agreement and collect damages for any noncompliance by the franchisee.

**2. Estoppel § 4.1; Principal and Agent § 4— defendant's control over motel—no apparent authority—no equitable estoppel**

There was no merit to plaintiff's contention that defendant franchisor had held itself out to the public as having apparent authority and control over a motel and it should therefore be equitably estopped from denying ownership or responsibility, since there was no false representation or concealment of material fact by defendant regarding its relationship to the motel in question; plaintiff failed to demonstrate that she relied or acted upon any representation of defendant; and by requiring the franchisee to maintain liability insurance naming defendant as an additional insured and to indemnify defendant for plaintiff's type of claim, defendant did not implicitly accept responsibility and acknowledge liability for injuries on the premises.

**3. Rules of Civil Procedure § 17— service upon franchisor—franchisee not party to action**

There was no merit to plaintiff's contention that, by suing and serving defendant franchisor, she effectively made the franchisee a party to the lawsuit by suing that entity under its trade name.

Judge COZORT dissents.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 20 August 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 4 June 1987.

*James J. Booker for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Robert H. Sasser, III, for defendant appellee.*

BECTON, Judge.

Plaintiff, Sandye Lee Hayman, brought this action against defendant, Ramada Inn, Inc., to recover damages for personal injuries sustained on 10 April 1983 when she was allegedly assaulted on the premises of the Ramada Inn on Akron Drive in Winston-Salem, North Carolina. Her Complaint, filed 2 April 1986, charged that defendant was negligent in failing to provide adequate security for its patrons and failing to inform her of the crime rate in the motel's vicinity and on its grounds.

Defendant answered, denying the material allegations of the Complaint. Subsequently, defendant filed a motion for summary judgment, which the trial court granted after considering the pleadings, affidavits, and arguments of counsel. Plaintiff appeals. We affirm.

This appeal primarily involves the vicarious liability of a franchisor for the negligent acts or omissions of its franchisee, and includes questions specifically relating to actual control by the franchisor, apparent agency, and equitable estoppel. A second issue on appeal concerns whether the franchisee was properly made a party to this action.

I

At the time she was assaulted, plaintiff was a flight attendant trainee for Piedmont Airlines. She and her classmates were housed at the Akron Drive Ramada Inn during their training period pursuant to a long-standing arrangement between the airline and the motel. The facility was chosen by Piedmont for housing airline personnel because of its proximity to the airport and the special room rates offered by the motel to Piedmont.

At the hearing on its motion for summary judgment, defendant sought to establish that plaintiff had sued the wrong party. In support of the motion, defendant presented affidavits of Dean Davis, Director of Operations for Turnpike Properties, Inc. (Turnpike), and John G. Drumm, Secretary of Ramada Inn, Inc. These affidavits stated, in part, that the Akron Drive Ramada Inn was owned by Turnpike, not by the defendant; that the facility was operated by Turnpike under the name Ramada Inn pursuant to a license agreement with the defendant; that pursuant to the terms of that agreement, Turnpike was solely responsible for providing

and maintaining security on the premises; and that defendant had no control over, or authority to direct, the provision of security or other aspects of the facility's daily operation. The affidavits were accompanied by a copy of the license agreement.

In opposition to defendant's motion, plaintiff filed an affidavit describing the circumstances of her assault. She further asserted, in part, that the motel was identified on signs and advertisements as "Ramada Inn," and that during the several weeks she stayed there, she never saw any sign or other indication about the premises, or was otherwise made aware, that anyone other than Ramada Inn, Inc. owned, operated or bore responsibility for the facility.

Plaintiff also offered the affidavit of Juanita Robinson, an assistant manager in the Orlando, Florida Reservations Office of Piedmont Airlines, describing an incident in December of 1982 which involved the break-in of a room Ms. Robinson occupied at the same Ramada Inn facility. Ms. Robinson further asserted, in relevant part, that she had never heard of Turnpike Properties, Inc. and that she had never heard any name other than Ramada Inn used in connection with the Akron Drive motel.

II

Pursuant to Rule 56 of the Rules of Civil Procedure, summary judgment is appropriate whenever the pleadings, affidavits, and other materials on file show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *E.g., Hall v. T. L. Kemp Jewelry, Inc.*, 71 N.C. App. 101, 322 S.E. 2d 7 (1984). Plaintiff contends that the materials before the trial court in this case presented genuine issues of fact concerning equitable estoppel, actual control by defendant, apparent authority, and implicit acceptance of liability, thus precluding summary judgment for defendant.

The essence of plaintiff's position is that defendant should be held vicariously liable for the alleged negligence of its licensee, Turnpike. The Complaint does not allege vicarious liability, nor is it clear from the record whether the issue was raised in the court below. In any event, from our review of the record, and for the reasons discussed hereafter, we conclude that there is no genuine issue of fact, based on any of the theories suggested by plaintiff,

regarding the liability of defendant as franchisor for the failure of the franchisee to provide safe premises.

A

**[1]**   We first consider plaintiff's "principal-agent" contention that defendant had actual authority and control over the operation of the motel, making it jointly responsible with Turnpike for the plaintiff's injuries.

Agency has been defined by this Court as the relationship which arises from "the manifestation of consent by one person to another that the other shall act *on his behalf and subject to his control*, and consent by the other so to act." *Colony Associates v. Fred L. Clapp & Co.*, 60 N.C. App. 634, 637-8, 300 S.E. 2d 37, 39 (1983) (quoting Restatement (Second) of Agency Sec. 1 (1957) ) (emphasis added). Furthermore,

> a principal's vicarious liability for the torts of his agent depends on the degree of control retained by the principal *over the details of the work as it is being performed.* The controlling principal is that vicarious liability arises from the right of *supervision and control.*

*Vaughn v. North Carolina Dept. of Human Resources*, 296 N.C. 683, 686, 252 S.E. 2d 792, 795 (1979) (emphasis added).

Consistently with these principles, courts of other jurisdictions which have addressed the specific issue of the vicarious liability of a franchisor for the acts of its franchisee have concluded that liability depends upon the existence of an agency relationship, which is determined by the nature and extent of control and supervision retained and exercised by the franchisor over the methods or details of conducting the day-to-day operation. *See Fernander v. Thigpen*, 278 S.C. 140, 293 S.E. 2d 424 (1982); *Holiday Inns, Inc. v. Newton*, 157 Ga. App. 436, 278 S.E. 2d 85 (1981); *Coty v. United States Slicing Machine Co.*, 58 Ill. App. 3d 237, 373 N.E. 2d 1371 (1978); *Harwell v. Sheraton Gardens Inn*, 1982 Bus. Franch. Guide (CCH) 7626 (N.D. Ga. July 29, 1977); *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 219 S.E. 2d 874 (1975).

Having carefully reviewed the License Agreement between defendant and Turnpike, we find no evidence that defendant retained or exercised the kind of detailed control over the daily

operation of the Akron Drive Ramada Inn that would establish a principal-agent relationship. The general purpose of the contract is the maintenance of uniform service within, and public good will toward, the Ramada Inn system. Otherwise, Turnpike operates the facility on its own behalf. The agreement primarily requires Turnpike to comply with certain standards in the construction, furnishing, and advertising of the facility. Apart from the imposition of a general duty upon Turnpike to maintain its accommodations "in a clean, attractive, safe and orderly manner," the twenty-page contract imposes no standards nor makes any other provision with respect to security of the premises. Under the agreement, defendant neither retained authority over, nor established standards for, the hiring, firing, supervision, or discipline of personnel or myriad other details of the day-to-day operation. Moreover, although defendant retained the right to conduct regular inspections of the accommodations to insure compliance with the contract and rules of operation, defendant's actual control is limited to a right to terminate the franchise agreement and collect damages for any noncompliance by Turnpike. Under these circumstances, we conclude that no actual agency relationship existed that would justify holding defendant responsible for Turnpike's security arrangements.

B

[2]    Plaintiff contends, in the alternative, that defendant has held itself out to the public as having apparent authority and control over the Akron Drive facility, and should be equitably estopped from denying ownership or responsibility. We disagree.

The legal theory under which an agency relationship may be deemed to exist for purposes of vicarious liability in the absence of an actual agency is known alternatively as "apparent agency" or "agency by estoppel" and has been stated as follows:

Where a person by words or conduct represents or permits it to be represented that another person is his agent, he will be estopped to deny the agency as against third persons who have dealt, on the faith of such representation, with the person so held out as agent, even if no agency existed in fact.

*Fike v. Board of Trustees*, 53 N.C. App. 78, 80, 279 S.E. 2d 910, 912, *disc. rev. denied*, 304 N.C. 194, 285 S.E. 2d 98 (1981) (*quoting*

*Daniel Boone Complex, Inc. v. Furst,* 43 N.C. App. 95, 107, 258 S.E. 2d 379, 388 (1979), *disc. rev. denied,* 299 N.C. 120, 261 S.E. 2d 923 (1980) ). The same rule applies to a corporation which holds out or permits a person (or another corporation) to be held out as its agent. *See Daniel Boone Complex; Moore v. WOOW, Inc.,* 253 N.C. 1, 116 S.E. 2d 186 (1960).

Plaintiff argues that by allowing Turnpike to use its name, trademarks, and service marks, defendant has misrepresented to the public or allowed Turnpike to misrepresent that the facility in question is part of a national chain of "Ramada Inns" with a high standard of quality and reliability, that the motel is not locally or independently owned, and that defendant is responsible for its operation. Plaintiff further asserts that she relied upon that representation to her prejudice.

In our view, plaintiff has failed to forecast sufficient evidence of circumstances supporting an apparent agency or agency by estoppel to withstand summary judgment. First, we fail to ascertain any false representation or concealment of material fact by defendants regarding its relationship to the facility. To the contrary, defendant required Turnpike, pursuant to the license agreement, to identify itself as owner and operator of the facility and to expressly indicate its licensee relationship to defendant in all advertising, business stationery, and a "clearly visible sign" to be displayed "prominently at the front desk." Apart from plaintiff's assertions that she never observed any indication of the motel's true ownership, no evidence suggests that Turnpike failed to comply with this requirement or, more significantly, that defendant was aware of or acquiesced in any such noncompliance.

Second, plaintiff has failed to demonstrate that she relied or acted upon any representation of defendant. The uncontradicted evidence shows that she was a guest at the facility pursuant to arrangements made by her employer. There is no allegation in the Complaint or other evidence in the record that she would have chosen to stay elsewhere or done anything differently had she known that the facility was not owned and operated by defendant.

## C

We summarily reject plaintiff's further contention that by requiring Turnpike to maintain liability insurance naming defendant

as an additional insured, and to indemnify defendant for this type of claim, defendant implicitly accepted responsibility and acknowledged liability for injuries on the premises. This type of indemnity contract concerns only the two parties thereto, is not germane to plaintiff's cause of action, and may not be used to establish defendant's liability. *See Greene v. Charlotte Chemical Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82 (1961).

## III

[3] Plaintiff also contends that, even if the trial court properly dismissed the action as to Ramada Inn, Inc., the suit nevertheless should have proceeded with Turnpike Properties, Inc. as defendant. Specifically, plaintiff maintains that, by suing and serving Ramada Inn, Inc., she effectively made Turnpike a party to the lawsuit by suing that entity under its trade name. This argument is without merit.

It is an elementary rule of civil procedure that a person or entity may not be made a party to a lawsuit without having been properly served with process in a manner prescribed by statute. *See, e.g., Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982); N.C. Gen. Stat. Sec. 1A-1, Rule 4 (1983). In this case, the Complaint and Summons named as defendant "Ramada Inn, Inc.," not "Ramada Inn" (the trade name used by Turnpike). Service of process was accomplished upon the registered agent of Ramada Inn, Inc., and may not be deemed to constitute service upon Turnpike, a separate corporate entity. Under these circumstances, Turnpike was clearly never made a party to this action.

## IV

For the foregoing reasons, we hold that the trial court did not err in granting summary judgment for the defendant and dismissing the action, and, accordingly, we affirm.

Affirmed.

Judge MARTIN concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I respectfully dissent because I disagree with the majority's conclusion that "plaintiff has failed to forecast sufficient evidence of circumstances supporting an apparent agency or agency by estoppel to withstand summary judgment." I simply believe that summary judgment was granted too soon; the facts on the issue of apparent agency have not been developed at this point in the case.

The plaintiff's affidavit raises the issue of apparent agency:

16. That during the entire program of several weeks training while your affiant stayed at Ramada Inn, Akron Drive, she never saw any sign, poster, advertisement, or other indication of responsibility by anyone for or about the premises of Ramada Inn except Ramada Inn itself. References to that institution were always made as to Ramada Inn.

The plaintiff also submitted the affidavit of Juanita Robinson, a Piedmont employee. Robinson's affidavit supports plaintiff's assertion that defendant did not require Turnpike to identify itself as the owner and operator of the facility:

16. The entire time that I am aware of Piedmont employees using Ramada Inn, Akron Drive, Winston-Salem, North Carolina, for housing for their temporarily [sic] stopovers or during the training period, this facility has been known as Ramada Inn. I have never heard the term Turnpike Properties, Inc. and know absolutely nothing about any interest that Turnpike Properties, Inc. may or may not have in Ramada Inn or any of its connections with Ramada Inn. No other name was ever used in connection with Ramada Inn with me in referring to Ramada Inn, Akron Drive, Winston-Salem, North Carolina.

The majority's reliance on the license agreement as factual disposition of this issue is, in my opinion, misplaced. There is no evidence that the requirement of the agreement that Turnpike identify itself as owner/operator was ever followed. The affidavits of both Dean Davis, the Director of Operations for Turnpike, and John G. Drumm, the Secretary of defendant, are silent on this issue.

I further believe the majority erred in finding no factual issue as to whether the plaintiff relied on her belief that she was staying in a facility owned and operated by Ramada Inn. Plaintiff's affidavit raises the inference that she relied on the name "Ramada Inn." The majority's statement that plaintiff failed to allege reliance in her complaint is true. I do not believe, however, that plaintiff's failure to allege reliance should be construed as an admission that she did not rely on the "Ramada Inn" name. It is an issue of material fact not yet resolved.

I vote to reverse.