# W. Hayes Daughtrey, et al.

## v.

# Sidney Ashe, et al.

Record No. 910054

January 10, 1992

Present: All the Justices

*Walter D. Kelley, Jr. (Kevin L. Keller; Willcox & Savage*, on briefs), for appellants.
*Michael I. Ashe (Ashe and Weinstein*, on brief), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

In this dispute between the buyers and the sellers of a diamond bracelet, the principal issues arise under the Uniform Commercial Code - Sales. Code §§ 8.2-101 through -725. Specifically, they are: (1) whether the sellers' appraisal statement of the grade of diamonds on the bracelet is a description of the goods under Code § 8.2-313(1)(b), and therefore an express warranty; and (2) whether such a statement made the description "a part of the bargain" under Code § 8.2-313(1)(b), and therefore an express warranty, when the buyers did not know of the warranty until some time after the purchase price was paid and the bracelet was delivered.

In conformity with familiar appellate principles, we state the evidence in the light most favorable to the sellers, who prevailed in the trial court.

In October 1985, W. Hayes Daughtrey consulted Sidney Ashe (Ashe), a jeweler, about the purchase of a diamond bracelet as a

Christmas gift for his wife, Fenton C. Daughtrey. Ashe exhibited, and offered to sell, a diamond bracelet to Daughtrey for $15,000. Although Ashe "knew" and "classified" the bracelet diamonds as v.v.s. grade (v.v.s. is one of the highest ratings in a quality classification system employed by gemologists and jewelers), he merely described the diamonds as "nice" in his conversation with Daughtrey. Ashe told Daughtrey that if he was later dissatisfied with the bracelet, he would refund the purchase price upon its return.

When Daughtrey later telephoned Ashe and told him he would buy the bracelet, Ashe had Adele Ashe, his business associate, complete an appraisal form which he signed. The form contained the following pertinent language:

The following represents our estimate *for insurance purposes only, of the present retail replacement cost of identical items*, and not necessarily the amounts that might be obtained if the articles were offered for sale . . . .

. . . .

| DESCRIPTION | APPRAISED VALUE |
|---|---|
| platinum diamond bracelet, set with 28 brilliant full ct diamonds weighing a total of 10 carats. *H color and v.v.s. quality.* | $25,000.00 |

(Emphasis added.)

When Daughtrey came with his daughter to close the sale, he showed the bracelet to his daughter and then paid Ashe for it. As Ashe was counting the money, Daughtrey handed the bracelet to Adele Ashe, who put it in a box together with the appraisal and delivered the box to Daughtrey. Daughtrey later gave the bracelet to his wife as a Christmas present.

In February 1989, Daughtrey discovered that the diamonds were not of v.v.s. quality when another jeweler looked at the bracelet. Shortly thereafter, Daughtrey complained to Ashe, who refused to replace the bracelet with one mounted with diamonds of v.v.s. quality but offered to refund the purchase price upon return of the bracelet. Because the value of diamonds generally had increased in the meantime, Daughtrey declined Ashe's offer.

On May 8, 1989, Daughtrey and his wife filed this specific performance suit against Sidney Ashe and Adele Ashe t/a Ashe Jewelers (the Ashes) to compel them to replace the bracelet with one mounted with v.v.s. diamonds or pay appropriate damages. After hearing the evidence, the trial court found that the diamonds "were of substantially lesser grade" than v.v.s. Nevertheless, because it concluded that the Daughtreys had not proven that "the appraisal was a term or condition of the sale nor a warranty upon which [they] relied in the purchase of the bracelet," the court denied relief for breach of warranty.* The Daughtreys appeal.

First, we consider whether Ashe's statement of the grade of the diamonds was an express warranty. Code § 8.2-313 provides in pertinent part:

(1) Express warranties by the seller are created as follows:

. . . .

(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

The Ashes argue that the statement in the appraisal form is not an express warranty for two reasons.

First, they say the "appraisal on its face stated that it was 'for insurance purposes only.'" However, we think that the balance of the emphasized language in the appraisal form demonstrates that the limiting language relates *only* to the statement of the *appraised value*. Therefore, Ashe's description of the grade of the diamonds should be treated as any other statement he may have made about them.

Second, the Ashes contend that Ashe's statement of the grade of the diamonds is a mere opinion and, thus, cannot qualify as an express warranty under Code § 8.2-313(2). Code § 8.2-313(2) provides:

It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guar-

---

* In conformity with the court's order, the Ashes refunded the purchase price without interest to the Daughtreys upon their return of the bracelet. However, the refund of the purchase price did not satisfy the Daughtreys' claim for the cost of replacing the bracelet with one with diamonds of v.v.s. quality.

antee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

The Ashes rely principally upon a North Carolina case construing the identical code section from the North Carolina Uniform Commercial Code. *Hall* v. *T.L. Kemp Jewelry, Inc.*, 71 N.C. App. 101, 104, 322 S.E.2d 7, 10 (1984) (jeweler's assurance of value of jewels mere opinion under N.C. Gen. Stat. § 25-2-313, not warranty). However, here, Ashe did more than give a mere opinion of the value of the goods; he specifically described them as diamonds of "H color and v.v.s. quality."

Ashe did not qualify his statement as a mere opinion. And, if one who has superior knowledge makes a statement about the goods sold and does not qualify the statement as his opinion, the statement will be treated as a statement of fact. *See Fensom* v. *Rabb*, 190 Va. 788, 797, 58 S.E.2d 18, 22 (1950); Restatement (Second) of Torts § 542 cmt. f (1977).

Nor does it matter that the opinions of other jewelers varied in minor respects. All of them said, and the trial judge found, that the diamonds were of a grade substantially less than v.v.s.

Clearly, Ashe intended to sell Daughtrey v.v.s. diamonds. He testified that he used only the term "nice" diamonds but "[n]ever mentioned vvs because [Daughtrey] didn't know anything about vvs." Later, Ashe testified that "I know when I sold the bracelet and I classified it as vvs, I knew it was vvs."

Given these considerations, we conclude that Ashe's description of the goods was more than his opinion; rather, he intended it to be a statement of a fact. Therefore, the court erred in holding that the description was not an express warranty under Code § 8.2-313(2).

Next, the Ashes maintain that because the description of the diamonds as v.v.s. quality was not discussed, Daughtrey could not have relied upon Ashe's warranty and, thus, it cannot be treated as "a part of the basis of the bargain."

In our opinion, the "part of the basis of the bargain" language of Code § 8.2-313(1)(b) does not establish a buyer's reliance requirement. Instead, this language makes a seller's description of the goods that is not his mere opinion a representation that defines his obligation. Thomas W. Coffey, *Creating Express War-*

*ranties under the UCC: Basis of the Bargain - Don't Rely on It*, 20 UCC L.J. 115, 126 (1987); *see* John E. Murray, Jr., *"Basis of the Bargain": Transcending Classical Concepts*, 66 Minn. L. Rev. 283, 318 (1982); Charles A. Heckman, *"Reliance" or "Common Honesty of Speech": The History and Interpretation of Section 2-313 of the Uniform Commercial Code*, 38 Case W. Res. L. Rev. 1, 36 (1987); Douglas Whitman, *Reliance as an Element in Product Misrepresentation Suits: A Reconsideration*, 35 Sw. L.J. 741, 749-50 (1981).

Our construction of Code § 8.2-313, containing language identical to § 2-313 of the Uniform Commercial Code, is supported by a consideration of the following pertinent portions of the Official Comment to the Uniform Commercial Code section:

> The present section deals with affirmations of fact by the seller, descriptions of the goods . . . exactly as any other part of a negotiation which ends in a contract is dealt with. No specific intention to make a warranty is necessary if any of these factors is made part of the basis of the bargain. In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as a part of the description of those goods; hence *no particular reliance* on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact.

Official Comment 3 (emphasis added).

> In view of the principle that *the whole purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell*, the policy is adopted of those cases which refuse except in unusual circumstances to recognize a material deletion of the seller's obligation. Thus, a contract is normally a contract for a sale of something describable and described.
>
> . . . .

Official Comment 4 (emphasis added).

Paragraph (1)(b) makes specific some of the principles set forth above when a description of the goods is given by the seller.

. . . .

Official Comment 5.

*The precise time when words of description or affirmation are made . . . is not material. The sole question is whether the language [is] fairly to be regarded as part of the contract.* If language is used after the closing of the deal (as when the buyer when taking delivery asks and receives an additional assurance), the warranty becomes a modification, and need not be supported by consideration, if it is otherwise reasonable and in order (Section 2-209).

Official Comment 7 (emphasis added).

Concerning affirmations of value or a seller's opinion or commendation under subsection (2), the *basic question* remains the same: *What statements of the seller have in the circumstances and in objective judgment become part of the basis of the bargain?* As indicated above, all of the statements of the seller do so unless good reason is shown to the contrary. The provisions of subsection (2) are included, however, since common experience discloses that some statements or predictions cannot fairly be viewed as entering into the bargain.

Official Comment 8 (emphasis added).

 We conclude from the language used in Code § 8.2-313 and the Official Comment thereto that the drafters of the Uniform Commercial Code intended to modify the traditional requirement of buyer reliance on express warranties. Such a requirement was contained in the following pertinent language of the earlier Uniform Sales Act § 12: "[a]ny affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to *induce* the buyer to purchase the goods, and if the buyer purchases the goods *relying thereon*." (Emphasis added.) We note that "induce" and "reliance" appear nowhere in Code § 8.2-313, as contrasted with the reference to buyer reliance in the subsequent section, Code § 8.2-

315, dealing with an implied warranty of fitness for a particular purpose.

■ Hence, the seller's representation need only be "a part of the basis of the bargain," as set forth in Code § 8.2-313(1)(b). The term "bargain" is not defined in the Code, but it is used in the following definition of "agreement" as

> the bargain of the parties in fact as found in their language or by implication from other circumstances. . . . Whether an agreement has legal consequences is determined by the provisions of this act, if applicable; otherwise by the law of contracts as provided in Code § 8.1-103. (Compare 'Contract').

Code § 8.1-201(3). The word " 'Contract' means the total legal obligation which results from the parties' agreement as affected by this act and any other applicable rules of law. (Compare 'Agreement')." Code § 8.1-201(11).

■ Ashe introduced no evidence of any factor that would take his affirmation of the quality of the diamonds out of the agreement. Therefore, his affirmation was "a part of the basis of the bargain." Accordingly, we hold that the Daughtreys are entitled to recover for their loss of bargain, and that the court erred in ruling to the contrary.

Therefore, we will reverse the judgment of the trial court and remand the case for further proceedings to ascertain the Daughtreys' damages.

*Reversed and remanded.*

JUSTICE COMPTON, dissenting.

The seller supplied an appraisal form "for insurance purposes only" so that the buyer could obtain adequate replacement coverage. Because I do not believe that this representation was a "part of the basis of the bargain," Code § 8.2-313(1)(b), I would affirm the judgment of the trial court.