PRESENT: Carrico, C.J., Compton, Lacy, Hassell, Koontz, and Kinser, JJ., and Stephenson, Senior Justice

EDDIE M. YATES

                                           OPINION BY
v.  Record No. 981474    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                           April 16, 1999
PITMAN MANUFACTURING, INC.


                FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                        Keary R. Williams, Judge

     In this products liability personal injury case, we decide whether the trial court erred in holding that the plaintiff, who was not the purchaser of the product, must have given notice of breach of warranty to the product's manufacturer as a prerequisite to recovery for breach of warranty.  We also decide whether the trial court erred in striking the plaintiff's express warranty claim.

                                    I

     Eddie M. Yates sued Pitman Manufacturing, Inc. (Pitman), seeking $3,000,000 in damages for injuries he sustained when an outrigger on a crane unit manufactured and sold by Pitman came down onto and crushed Yates' left foot.  Yates claimed that (1) Pitman breached its implied warranty by selling a crane truck system and outriggers that were not of merchantable quality or fit for ordinary purposes; (2) Pitman breached its express warranty that the crane unit, including the outriggers, met all requirements of the American National Standards Institute (ANSI)

Standard B30.5-1968; (3) Pitman breached its duty to him to design and market a crane system that was reasonably safe and such negligence proximately caused his injuries; and (4) Pitman negligently failed to maintain the crane truck by failing to install an audible warning device for use with the outriggers.

Prior to trial, Yates moved the court to exclude all evidence concerning whether he had provided reasonable notice to Pitman of its breach of warranty. The trial court overruled Yates' motion, holding that the notice provision of Code § 8.2-607(3) applied and required Yates, who was not the buyer of the crane unit, to give notice of breach of warranty to Pitman.

At trial, at the conclusion of Yates' case-in-chief, the trial court struck Yates' evidence on his breach of express warranty claim. The court held that Yates had failed to produce any evidence that the crane unit did not comply with any affirmation or promise made by Pitman.

Thereafter, the case was submitted to the jury on the breach of implied warranty and negligence claims. The jury returned its verdict in favor of Pitman, and the trial court entered judgment on the verdict. We awarded Yates this appeal.

II

In 1982, Pitman sold the crane unit to Shelton Witt Equipment, a distributor. At the time, Pitman certified that "these cranes meet applicable design and construction standards

2

as prescribed in ANSI B30.5-1968." When the unit was sold, ANSI Standard B30.5-1968 mandated that "[e]ach outrigger shall be visible from its actuating location."

On July 19, 1991, when Yates was injured, Koch Carbon (Koch) owned the unit and was using it to deliver equipment to Baldwin Coal Corporation, Yates' employer. At the time Yates was injured, he was releasing restraining chains from the crane truck's bed when suddenly, without warning, one of the outriggers dropped onto his foot. Unbeknownst to Yates, Ira Stiltner, a Koch employee, had activated the outrigger from the front of the truck. When Stiltner activated the outrigger, he could not see either Yates or the outrigger.

### III

First, we consider whether the trial court erred in holding that Yates was required to provide Pitman with notice of breach of warranty as a prerequisite to recovery therefor. The issue is one of first impression for this Court.

To resolve the issue, we look to Code § 8.2-607(3), the only provision of the Sales title of the Uniform Commercial Code (the UCC) that requires notice to be given to a seller of goods. The section provides, in pertinent part, the following:

> Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.

3

It is firmly established that, when a statute is clear and unambiguous, a court must accept its plain meaning and not resort to extrinsic evidence or rules of construction.  Gonzalez v. Fairfax Hospital System, 239 Va. 307, 310, 389 S.E.2d 458, 459 (1990).  The pertinent language in Code § 8.2-607(3) is unambiguous and clearly states that "the buyer must . . . notify the seller of [the] breach."  (Emphasis added.)  Thus, accepting the statute's plain meaning, it is apparent that the notice of breach is required from the "buyer" of the goods.

In the present case, Yates was not the buyer of the crane unit.  Therefore, the notice requirement of Code § 8.2-607(3) does not preclude Yates from maintaining a breach of warranty action.

We hold, therefore, that only buyers; i.e., those who buy or contract to buy goods from a seller, Code § 8.2-103(a), must give notice of breach of warranty to the seller as a prerequisite to recovery.  Consequently, the trial court erred in ruling that Yates was required to have given Pitman such notice.[*]

IV

---

[*]The conclusion we reach is consistent with the decisions of the vast majority of other courts that have ruled on the issue. See, e.g., Cole v. Keller Indus., Inc., 132 F.3d 1044, 1047 (4th Cir. 1998), and the decisions cited therein.

4

Next, we consider whether the trial court erred in striking Yates' evidence relating to his express warranty claim. As previously noted, Pitman certified that, at the time of sale, the crane unit met "applicable design and construction standards as prescribed in ANSI B30.5-1968." At that time, ANSI Standard B30.5-1968 required each outrigger to be "visible from its actuating location." Yates, however, presented evidence that, from the actuating station, the crane operator, "[n]ot only [could] not see the outrigger, but he [could not] see that there's a person [who] might come into contact with that hazard."

Pitman contends that the trial court correctly struck Yates' express warranty claim because Yates (1) "offered no evidence that the ANSI certification was part of the bargain in any sales transaction involving the product" and (2) failed to produce any evidence that the crane unit's design and construction violated the ANSI Standard. We do not agree.

Code § 8.2-313, the express warranty statute, provides as follows:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

5

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

An affirmation of fact is presumed to be a part of the bargain, and any fact that would remove such affirmation out of the agreement "'requires clear affirmative proof.'" Daughtrey v. Ashe, 243 Va. 73, 78, 413 S.E.2d 336, 339 (1992) (quoting with approval Official Comment 3 to § 8.2-313). Additionally, a plaintiff is not required to show that he relied upon the affirmation in order to recover under an express warranty claim. Id. at 77-79, 413 S.E.2d at 338-39.

In the present case, Pitman presented no evidence that would take its affirmation out of the agreement. Therefore, its affirmation was a part of the basis of the bargain. See id. at 80, 413 S.E.2d at 339. See also Martin v. American Med. Sys., Inc., 116 F.3d 102, 105 (4th Cir. 1997). Thus, we hold that Pitman's affirmation of

6

fact created an express warranty that applied to Yates even though he was not the purchaser of the crane unit.  We also hold that Yates presented evidence from which a jury could reasonably conclude that the crane unit did not comply with ANSI Standard B30.5-1968.  Therefore, the trial court erred in striking Yates' express warranty claim.

V

For the reasons stated, we will reverse the trial court's judgment and remand the case for a new trial consistent with the views expressed in this opinion.

Reversed and remanded.