## CIRCUIT COURT OF FAIRFAX COUNTY

Matthew Lucas
and Tricia Lucas

v.

Clive Thompson
and Ann Thompson

January 15, 2003

Case No. (Law) 204851

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on November 15, 2002, on Defendants' Demurrer. The case was taken under advisement to determine whether Defendants' Demurrer should be sustained. For the reasons set forth in this letter opinion, Defendants' Demurrer is overruled as to Count I: Breach of Contract and Count II: Breach of Warranty. The Demurrer is sustained with prejudice as to Count III: Fraud in the Factum. Finally, the Demurrer to Count IV: Fraud in the Inducement is sustained with leave to amend.

On June 12, 2001, Matthew and Tricia Lucas entered into a written contract with Clive and Ann Thompson for the sale and purchase of the property located at 608 Deerfield Pond Court, Great Falls, Virginia. The Property was listed in the Metropolitan Regional Information Systems and in Defendants' promotional materials as improved with a six-bedroom residence.

The septic system and the number of bedrooms the system can accommodate is the main focus in this case. Paragraph 3 of the Sales Contract states, in part, that the Seller warrants that "the existing appliances, heating, cooling, plumbing, electrical systems and equipment . . . will be in normal

working order as of the possession date." Paragraph 12 of the Sales Contract requires the seller to furnish the purchaser "on or before Settlement . . . with a certificate from the appropriate local government authority indicating that. . . . B. The septic system appears to be functioning satisfactorily. . . . If either system is found defective or substandard according to the certificate, the Seller will take appropriate remedial action at the Seller's expense." Paragraph 2 of the Sales Contract indicates that the sewage disposal for the property is septic, however, the number of bedrooms the septic system could accommodate was left blank.

At settlement, the Thompsons allegedly failed to produce a Fairfax County Health Department certificate of inspection of the well or the septic field as required under Paragraph 12 of the contract. Instead, the Thompsons presented a Septic System Certification and a Septic Tank Pump-out Manifest from Great Falls Septic Service, Inc., indicating that the septic system had been cleaned on July 30, 2002, and that the system was found to be in good working order.

Mr. and Mrs. Lucas rejected the Thompsons' tender of performance of Paragraph 12. Thereafter, the parties executed an amendment to the Contract where the Thompsons agreed to "pay any and all costs associated with final Fairfax County Health Department inspection of the well and septic field and further warrant that both are operating correctly to the best of their knowledge." A Fairfax County Health Department application for evaluation of existing water and/or sewage disposal was attached to the addendum at settlement. In the attached County application, the Thompsons indicated that the residence had six bedrooms. The Thompsons also indicated on the County application that the septic tank was last pumped in 1995, contrary to their representations at closing that it was last pumped in 2002. On September 17, 2002, and after closing, the Thompsons allegedly changed the number of bedrooms they had listed on the County application from six bedrooms to five bedrooms.

After settlement, the Fairfax County Health Department inspected the septic system and found it substandard for the Property in that the sewage disposal system was designed to accommodate a dwelling with only five bedrooms, not six bedrooms. The inspector reported that the sixth bedroom and the gazebo with wet bar were constructed without proper building permits and the septic tank had not been pumped out in several years in violation of the Fairfax County Code. The County also found the septic system to be defective in that the gazebo, trees and shrubs, portions of the underground lawn sprinkler system, and portions of the patio were placed over and within ten feet of the septic field trenches in violation of the Code. Fairfax County

advised Mr. and Mrs. Lucas to correct these defects and the substandard aspects of the property's sewage disposal system.

## Analysis

A demurrer tests whether the plaintiffs' pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A) (Michie Supp. 1993). In considering a demurrer, all reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). In addition, a court may examine not only the substantive allegations of the pleading being attacked, but also any accompanying exhibit mentioned in the pleading. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993); *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 158 (1991).

## Count I: Breach of Contract

Under Virginia law, the essential elements of a cause of action for breach of contract are: (1) "a legal obligation of a defendant to the plaintiff," (2) "a violation or breach of that right or duty," and (3) "a consequential injury or damage to the plaintiff." *Westminster Investing Corp. v. Lamps Unltd.*, 237 Va. 543, 546, 379 S.E.2d 316, 319 (1989) (quoting *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969)). Plaintiffs assert that they entered into a written contract with Defendants on June 12, 2001, that Defendants violated that contract by refusing to bear the costs associated with correcting the defects and the Code violations associated with the septic sewage system, and that, as a result of the Defendants' breach, the Plaintiffs have been damaged in the amount equal to the costs of correction plus other costs.

Defendants claim that the Contract did not specify a definite number of bedrooms for the septic sewer system; therefore, the Thompsons are not under a contractual obligation regarding this issue. The sales contract and the sales addendum/sales contract amendment governed the terms of the sale. The amendment, executed by both parties, required the Thompsons to "pay any and all costs associated with final Fairfax County Health Department Inspection of the well and septic field. . . ." The final Fairfax County inspection report, in part, required the Lucases to expand the sewage disposal system to accommodate the property's sixth bedroom. Mr. and Mrs. Lucas allege that the Thompsons have failed to pay any of these costs. Plaintiffs have

sufficiently stated a cause of action for breach of contract. The Demurrer to Count I is overruled.

## Count II: Breach of Warranties

In order for a buyer to state a claim for breach of express warranty, the Plaintiffs must allege that the express warranty, whether by affirmation, promise, description, or model, was made part of the "basis of the bargain." Va. Code Ann. § 8.2-313; *Daughtrey v. Ashe*, 243 Va. 73, 413 S.E.2d 336 (1992). Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. *Id.* A contract is normally a contract for a sale of something describable and described. *Id.* Thus, a contract for sale represents the "basis of the bargain."

Plaintiffs allege in Count II of their Motion for Judgment that the Defendants breached the warranty contained in Paragraph 3 of the contract and the warranty contained in the Sales Contract Amendment. Both the sales contract and the amendment represented the basis for the bargain. The Plaintiffs have stated a cause of action for Breach of Warranty.

Defendants claim that the Lucases must prove that the Thompsons had knowledge that the septic field was not operating correctly in order to state a claim for breach of warranty. This proof is not required to adequately state a cause of action for breach of warranty. The Demurrer to Count II is overruled.

## Count III: Misrepresentation — Fraud in the Factum

Fraud in the factum is synonymous with fraud in the execution. *Black's Law Dictionary* 267 (Pocket Ed. 1996). In order to state a cause of action for fraud in the execution of an instrument, a plaintiff must allege that the instrument was misread to him, or his signature was obtained to a different instrument from the one he intended to sign. *Sager v. W. T. Rawleigh Co.*, 150 S.E. 244, 153 Va. 514 (1929). Under Virginia law, weakness of mind and serious disabling illness are the typical indicators of fraud concerning the execution of an instrument. See *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937).

In Count III of the Motion for Judgment, Plaintiffs allege that they suffered damages as a proximate result of Defendants' misrepresentations regarding the property for sale and that Defendants made these misrepresentations with the intent to defraud them and with the intent that they reasonably rely on the misrepresentations in contracting for and closing on the

property. These allegations do not sufficiently state a cause of action for fraud in the execution. Furthermore, given the facts of this case, it is clear that such allegations cannot be made. The Demurrer to Count III is sustained with prejudice.

### Count IV: Misrepresentation — Fraud in the Inducement

In order to state a cause of action for fraud in the inducement of a contract, a party must allege that the misrepresentations were "positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them and was induced by them to enter into the contract." *Brame v. Guarantee Finance Co.*, 139 Va. 394, 124 S.E. 477 (1924). Although fraud may more commonly be used as a ground for rescission, it is well settled that it can also be grounds for an action for damages in a court of law. *Robberecht v. Maitland*, 220 Va. 109, 255 S.E.2d 682 (1979) (citing *Jordan v. Walker*, 115 Va. 109, 117, 78 S.E. 643, 645 (1913)).

In Count IV of the Motion for Judgment, the Lucases allege that the Defendants represented to them that the property was a six bedroom residence, that the septic tank had been pumped out, and that the septic field was operating correctly. The Lucases further allege that the Defendants knew these statements were false when made and that the Thompsons made the statements with the intent to fraudulently induce the Lucases to buy the property, knowing the Lucases would reasonably rely on them. The Plaintiffs allege that, in fact, they did rely on these alleged fraudulent misrepresentations when entering into the sales contract. The Plaintiffs, however, fail to allege one of the elements of fraud in the inducement, that these alleged misrepresentations were material to the sale.

Defendants claim that the Lucases failed to allege that the Thompsons expressly misrepresented, prior to contract, that the septic system was approved for a certain number of bedrooms. However, the Lucases allege that the Thompsons represented to the them and all potential buyers that they were selling a six bedroom property. At the closing, the Thompsons stated in a signed sales contract amendment that the "well and septic field were operating correctly to the best of their knowledge." Taken together, these statements are sufficient allegations of misrepresentation regarding the number of functioning bedrooms on the property to state a cause of action for fraud in the inducement.

Defendants assert that the Thompsons sold the property "as is" and the Plaintiffs cannot rely upon any alleged misrepresentations from the Thompsons because the Plaintiffs inspected the property. However, in Virginia, one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, and then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth. *Boykin v. Hermitage Realty*, 234 Va. 26, 29, 360 S.E.2d 177, 180 (1987) (citing *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 631 331 S.E.2d 490, 492 (1985)). While the Lucases did inspect the property, they did not obtain information regarding the septic system as stipulated in the contract. Had the Thompsons complied with the contract terms at closing and produced the Fairfax County Health Department inspection of the septic system, the Lucases would have learned the truth regarding the systems inability to accommodate the advertised six bedroom residence. Instead, the Thompsons allegedly produced a document regarding the status of the septic system that conflicts with the information the Thompsons provided in the County application. The doctrine of caveat emptor "affords no protection to a seller who makes false representations of a material fact, constituting an inducement to the contract, on which a buyer had a right to rely." *Watson v. Avon Street Center*, 226 Va. 614, 618, 311 S.E.2d 795, 798 (1984); *accord Robberecht v. Maitland Bros.*, 220 Va. 109, 111-12, 255 S.E.2d 682, 683 (1979). A buyer can show that a contract of sale was induced by the seller's fraud, notwithstanding the fact that the sale was made "as is." *Robberecht*, 220 Va. at 112. The Plaintiffs are not precluded from alleging fraud in the inducement.

Finally, Defendants, citing *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998), point out that a separate action for fraud cannot be maintained where the duty to speak arises from a contract. While this is true, the Virginia Supreme Court has never ruled that an allegation of fraud in the inducement of a contract is an attempt to convert a contract action into one based on tort. *McMillion v. Dryvit Systems, Inc.*, 262 Va. 463, n. 10, 552 S.E.2d 364 (2001). The Demurrer to Count IV is sustained with leave to amend.