JANET B. SMOCK, Guardian ad Litem for BRADLEY EDWARD SMOCK a
  Minor, and BRADLEY E. SMOCK v. JULIAN C. BRANTLEY, JR., ROCKY
  MOUNT OB-GYN ASSOCIATES, P.A., NASH GENERAL HOSPITAL, INC.,
  and JOHN DOE

No. 847SC1191

(Filed 16 July 1985)

**Hospitals § 3.3— medical malpractice—neither attending physician nor resident
agent of hospital—summary judgment for hospital proper**

Summary judgment was properly granted for defendant hospital in a
medical malpractice action where plaintiff was referred to the hospital by an
outside agency and assigned to defendant Brantley, one of the private physi-
cians practicing at the hospital, without any expression of preference by plain-
tiff and according to a schedule worked out by the private physicians and not
the hospital; plaintiff became Dr. Brantley's patient; defendant hospital did not
bill plaintiff for Dr. Brantley's services; defendant hospital did not supervise
Dr. Brantley's activity; Dr. Henley identified himself to plaintiff as a resident
from UNC, received his entire salary from UNC, and worked under the attend-
ing physician; and there was nothing in the record to suggest that defendant
hospital's personnel reviewed, supervised, or controlled Dr. Henley's activities,
that defendant hospital established any rules or regulations governing
residents or rotation, or that defendant hospital had any control over who
would be assigned by UNC or when. A statement by plaintiff's expert that
other hospital personnel were negligent was insufficient because it contained
only conclusory allegations unsupported by any factual basis and defendant's
attending nurses stated in affidavits that they acted within the appropriate
standard of care.

APPEAL by plaintiff from *Brown, Frank R., Judge.* Judgment
entered 25 June 1984 in Superior Court, NASH County. Heard in
the Court of Appeals 16 May 1985.

Plaintiffs brought this action to recover damages for them-
selves and on behalf of their minor son, Bradley Edward Smock,
due to alleged medical negligence. Janet B. Smock became preg-
nant in April 1977 and chose the county health department for
her prenatal care, keeping her regular schedule of appointments
there. On 17 January 1978 Mrs. Smock began labor and went to
the emergency room of defendant Nash General Hospital, Inc.,
(defendant Hospital) as she had been instructed to do by health
department personnel. She was not treated in the emergency
room, but was admitted and went to defendant Hospital's labor
and delivery area, where Dr. Douglas Henley was on duty. Dr.
Henley was at that time a first year resident in family practice,

who was doing a two month rotation at defendant Hospital pursuant to assignment by his medical school, the University of North Carolina. He was supervised and evaluated by private attending physicians who were members of the medical staff of defendant Hospital.

Dr. Henley did an initial workup and history and called the attending obstetrician, Dr. Julian Brantley, Jr. Dr. Brantley practiced as a member of Rocky Mount OB-GYN Associates, P.A., a private obstetric/gynecological group, whose members were on defendant Hospital's medical staff and rotated as attending physicians at the hospital. Persons who entered defendant Hospital without their own physician were routinely assigned to the care of private attending physicians such as Dr. Brantley. Delivery of babies normally was the responsibility of an attending physician.

Dr. Brantley delivered the baby beginning approximately six hours after plaintiff was admitted. Dr. Henley assisted peripherally in the delivery of the baby, and was in charge of postnatal care. Due to allegedly negligent procedures employed during the delivery and in the course of postnatal care, the child suffered brain damage, resulting in permanent injury and requiring extended hospitalization. Plaintiffs brought this action against Dr. Brantley, Rocky Mount OB-GYN Associates, P.A. and defendant Hospital, alleging negligence during the delivery and postnatally. They alleged that defendant Hospital was liable on grounds of corporate liability and on grounds of *respondeat superior*. From summary judgment dismissing defendant Hospital from the case, plaintiffs appeal.

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by William H. Holdford, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert M. Clay and Alene M. Mercer, for defendant appellee.*

MARTIN, Judge.

The trial judge ordered that denial of an immediate appeal would affect a substantial right of plaintiffs. This was tantamount to a certification that there was no just reason for delay, and we conclude accordingly that the appeal has been effectively certified

and is therefore properly before us. N.C. Gen. Stat. § 1A-1, R. Civ. P. 54(b) (1983).

Plaintiffs admitted during oral argument that the evidence present in the record before us does not present any genuine issue of material fact as to their allegations of corporate negligence by defendant Hospital. We agree. Nor is the question of the sufficiency of plaintiffs' allegations of negligence on the part of Dr. Brantley, Rocky Mount OB-GYN Associates, P.A. or Dr. Henley before us on this appeal. Therefore the only question presented is whether the trial court erred in ruling that defendant was not liable on the theory of *respondeat superior* for the allegedly negligent acts of Doctors Brantley or Henley. For the reasons stated herein, we conclude that the order dismissing the action as to Nash General Hospital, Inc., should be affirmed.

Defendant Hospital's liability, if any, depends upon whether either Dr. Brantley or Dr. Henley acted as its agent. *Willoughby v. Wilkins*, 65 N.C. App. 626, 310 S.E. 2d 90 (1983), *disc. rev. denied*, 310 N.C. 631, 315 S.E. 2d 697 (1984). Whether a principal-agent relationship exists is a question of fact for the jury when there is evidence tending to prove it; it is a question of law for the court if only one inference can be drawn from the facts. *Partin v. Power & Light Co.*, 40 N.C. App. 630, 253 S.E. 2d 605, *disc. rev. denied*, 297 N.C. 611, 257 S.E. 2d 219 (1979). The key factor is whether or not the alleged principal has any power or control over the agent. *Id.; Willoughby v. Wilkins, supra.*

We conclude that no genuine issue of material fact exists as to whether or not Dr. Brantley was acting as an agent of defendant Hospital. As a matter of law, he was not. We rely on *Smith v. Duke University*, 219 N.C. 628, 14 S.E. 2d 643 (1941). There, as here, plaintiff was referred to the hospital by an outside agency and assigned to one of the private physicians practicing at the hospital, without any expression of preference by plaintiff. The Supreme Court held that the hospital assumed no liability for the independent professional activity of the attending physician, even though the physician (unlike Dr. Brantley) was on the payroll of the medical school associated with the hospital and maintained an office at the hospital. In *Willoughby v. Wilkins, supra,* and *Rucker v. Hospital*, 20 N.C. App. 650, 202 S.E. 2d 610, *aff'd* 285 N.C. 519, 206 S.E. 2d 196 (1974) we reached the opposite result. In

each of those cases, however, the physician had signed a contract with the hospital agreeing *inter alia* not to maintain a private practice, to accept work as directed by the hospital and according to the policy of the hospital, and accepting salary and vacation from the hospital. *Smith* clearly is the controlling case here; once plaintiff was assigned to Dr. Brantley, according to a schedule worked out by the private physicians and not by defendant Hospital, she became his patient. Defendant Hospital did not bill plaintiff for Dr. Brantley's services and did not supervise his activity. No liability can be imposed upon defendant Hospital based upon negligent treatment rendered by Dr. Brantley.

Therefore any liability of defendant Hospital may be predicated only on the acts of Dr. Henley. This presents an apparently novel question: whether residents assigned by a central medical school to outlying hospitals on a rotating basis are agents of the hospitals to which they are assigned.

It appears that Dr. Henley identified himself to plaintiff as a resident from UNC. He received his entire salary from UNC, and nothing from defendant Hospital. In providing individual patient care, Dr. Henley worked under the supervision of the attending physician in charge of the patient, in this case Dr. Brantley. There is nothing in the record to suggest that defendant Hospital's personnel reviewed, supervised or controlled Dr. Henley's activities, nor does it appear that defendant Hospital established any rules or regulations governing residents on rotation. Defendant Hospital apparently had no control over who would be assigned it by UNC or when. Applying the law set forth in *Smith* and *Willoughby, supra*, we conclude that defendant Hospital did not exercise that control over Dr. Henley necessary to impute to it liability for his acts. *Waynick v. Reardon*, 236 N.C. 116, 72 S.E. 2d 4 (1952), in which a resident was held to be the agent of the hospital, is clearly distinguishable. There the resident received a salary and accommodations from the hospital and was assigned certain duties by it; the resident performed the allegedly negligent surgery without the supervision of an attending physician.

Thus it appears that plaintiff has failed to establish that defendant Hospital has any liability on the theory of *respondeat superior*. Plaintiff attempts to save her case by reliance on her

expert's statement that other "hospital personnel," in addition to Dr. Henley, were negligent. A careful review of the record does not reveal who these other personnel were or what they did or did not do that constituted negligence. Defendant Hospital did introduce affidavits from the attending nurses to the effect that they acted within the appropriate standards of care. It then became incumbent on plaintiff to come forward with some specific facts, as opposed to mere allegations, to establish defendant's liability. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). The affidavit of plaintiff's expert, asserting that there was "inadequate and inappropriate immediate neonatal care of this infant by not only Dr. Henley but hospital personnel" and that the "failure of appropriate attention" was attributable "in part to the hospital," contains only conclusory allegations, unsupported by any factual basis upon which the negligence of defendant Hospital or its personnel could be grounded, and is insufficient to defeat summary judgment. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976).

We conclude that summary judgment was properly entered dismissing defendant Hospital from the case. The order appealed from is

Affirmed.

Judges ARNOLD and PARKER concur.