BONNIE GARRIS v. DAVID GARRIS

No. 885DC299

(Filed 30 December 1988)

1. **Appeal and Error § 6.2— ruling on plea in bar not appealable**
   Where defendant asserted that a separation/property settlement agreement barred plaintiff's action for alimony and equitable distribution, the trial court's ruling on that plea in bar was not appealable, since the court's ruling only disposed of defendant's plea in bar but did not finally adjudicate any of plaintiff's claims, nor did the court's ruling affect a substantial right such that it was appealable under N.C.G.S. §§ 1-277(a) and 7A-27(d).

2. **Husband and Wife § 10.1— separation agreement—court's determination that agreement was unconscionable improper**
   The trial court erred in determining as a matter of law that the parties' separation/property settlement agreement was unconscionable before defend-

ant had the opportunity to offer all of his evidence concerning the validity of the agreement.

APPEAL by defendant from *Tucker (Elton G.), Judge.* Judgment entered 26 October 1987 in District Court, NEW HANOVER County. Heard in the Court of Appeals 28 September 1988.

*Burney, Burney, Barefoot & Bain, by Roy C. Bain, for plaintiff-appellee.*

*James W. Lea III for defendant-appellant.*

GREENE, Judge.

The sole issues presented by this appeal are: (A) where defendant asserts a separation/property settlement agreement barred plaintiff's action for alimony and equitable distribution, whether the court's ruling on that plea in bar is appealable; and (B) whether the trial judge erred in determining as a matter of law that the separation/property settlement agreement was unconscionable before defendant had the opportunity to offer all of his evidence concerning the validity of the agreement.

A

In response to plaintiff's complaint for divorce, equitable distribution and alimony, defendant alleged a valid separation /property settlement agreement (the "Agreement") waived all of plaintiff's marital rights to equitable distribution and alimony and requested the Agreement be incorporated in the court's final judgment. As valid contractual waivers of these rights are enforceable in this State, defendant's allegation of the Agreement is properly characterized as a plea in bar to plaintiff's complaint. *See* N.C.G.S. Sec. 52-10.1 (1984); N.C.G.S. Sec. 52-10(a) (1984) (may assert valid marital contract as plea in bar); *Hagler v. Hagler,* 319 N.C. 287, 290, 354 S.E. 2d 228, 232 (1987) (may contractually waive equitable distribution rights); *Crutchley v. Crutchley,* 306 N.C. 518, 524, 293 S.E. 2d 793, 797 (1982) (may contractually release alimony rights); *see also* N.C.G.S. Sec. 50-16.6(b) (1987) (alimony may be barred by valid separation agreement so long as agreement performed).

Defendant demanded a jury trial. However, upon defendant's testimony that he failed to disclose certain highly valuable real

Garris v. Garris

estate acquired during the marriage but before the parties entered the Agreement, the court dismissed the jury, refused to hear further evidence and directed a verdict on its own initiative that the Agreement was unconscionable and void. The court made the following findings:

[T]hat defendant testified that he had his attorney draw the . . . Agreement; that the Agreement was drawn; that he picked it up at the attorney's office; took it home to the plaintiff;

He further testified that the plaintiff read the . . . Agreement and that the two of them discussed it;

That there is no evidence in the trial that the plaintiff consulted with an attorney about the . . . Agreement or the contents thereof;

That the defendant further testified that he did not know about the legal things in the written agreement, and that he did not tell the plaintiff that part of the Market Street property was marital property; that he did not tell the plaintiff that the corporation set up during the marriage and which owned, at the time of the entry of the . . . Agreement, approximately twenty automobiles were marital property; that the written . . . Agreement stating that the parties at the time of the execution of the instrument fully and completely disclosed to the other the existence and nature of all marital property was inaccurate;

The court finds as a fact and as a conclusion of law that the payment to the wife the sum of $2,500 and the transferring sole ownership in the wife of a 1978 Grand Prix automobile is unconscionable as a matter of law, especially in the light of the defendant's testimony that the Market Street property, part of which is clearly marital property under our law, is worth approximately a million dollars, and the corporation selling automobiles on Market Street at the time the agreement was entered into, as well as the mobile home and numerous items of jewelry and farms and other household furnishings which are also marital property.

[1] The court's ruling on the Agreement did not dispose of plaintiff's claims for equitable distribution and alimony but only

disposed of defendant's plea in bar to those claims: the court's ruling was thus interlocutory. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950). Although the court's order stated that its ruling "affects a substantial right and is a proper subject of immediate appeal," the court's order could not be certified as a final appealable order under Rule 54(b). N.C.G.S. Sec. 1A-1, Rule 54(b) (1983). It is true that the court's statement was an adequate certification that there was "no just reason for delay" under Rule 54(b). *See Smock v. Brantley*, 76 N.C. App. 73, 74-75, 331 S.E. 2d 714, 716, *disc. rev. denied*, 315 N.C. 590, 341 S.E. 2d 30 (1985) (identical statement was "tantamount" to certification). However, there must be a final adjudication of at least *one* claim in order to permit appeal under Rule 54(b) since that rule requires as a condition precedent that the court "enter a final judgment as to *one or more* but fewer than all the claims or parties . . . ." Sec. 1A-1, Rule 54(b) (emphasis added); *Tridyn Ind. Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E. 2d 443, 447 (1979); *see generally* 6 Moore's Fed. Pract. par. 54.33[1] (2d ed. 1988). Since the court's ruling only disposed of defendant's plea in bar, the ruling did not finally adjudicate any of plaintiff's claims. The ruling was thus not certifiable as a final appealable order under Rule 54(b).

Nor does the court's ruling affect a substantial right such that it is appealable under Sections 1-277(a) and 7A-27(d). N.C.G.S. Sec. 1-277(a) (1983); N.C.G.S. Sec. 7A-27(d) (1986). The court's adverse ruling on defendant's plea in bar would be analogous to the court's refusal to dismiss plaintiff's claims for equitable distribution and alimony despite defendant's assertion of some affirmative defense. Such a denial would not affect a substantial right entitling defendant to appeal the interlocutory ruling. *E.g. Johnson v. Pilot Life Ins. Co.*, 215 N.C. 120, 1 S.E. 2d 381 (1939) (denial of motion to dismiss based on release and statute of limitations does not affect substantial right). No substantial right of defendant will be lost or prejudiced by delaying his appeal until the final judgment on plaintiff's equitable distribution and alimony claims. Thus, our statutes do not permit as a matter of right the appeal of the trial court's interlocutory ruling on defendant's assertion of the Agreement as a plea in bar.

However, the trial court in this case entered its verdict on its own initiative before defendant had concluded his evidence on the

validity of the Agreement. Given that peculiar circumstance, delaying our review of the court's directed verdict would paradoxically not result in a fuller factual and legal record on any subsequent appeal. *Cf. Lamb v. Wedgwood South Corp.,* 308 N.C. 419, 424, 302 S.E. 2d 868, 871 (1983) (disallowing interlocutory appeal where delay of appeal would allow fuller factual and legal record). Therefore, we will exercise our power to grant certiorari to address this appeal for the limited purpose of determining whether the trial court erred in entering a directed verdict before defendant concluded his evidence on the validity of the Agreement. N.C.G.S. Sec. 7A-32(c) (1986); N.C.R. App. 21(a)(1).

B

[2]   There is no inherent procedural bar to the trial court's entering a directed verdict on its own motion during a trial. *L. Harvey and Son Co. v. Jarman,* 76 N.C. App. 191, 198-99, 333 S.E. 2d 47, 52 (1985); *see also Peterson v. Peterson,* 400 F. 2d 336, 343 (8th Cir. 1968) (if court determines no issue of fact for jury, no need for "useless formality" of motion under Rule 50(a) ); *Aetna Cas. & Sur. Co. v. L. K. Comstock & Co.,* 488 F. Supp. 732, 734 (D. Nev. 1980), *rev'd on other grounds,* 684 F. 2d 1267, 1268 n.2 (9th Cir. 1982) (court has power to enter verdict on own motion pursuant to Rule 41, Rule 50(a) and inherent discretionary powers). However, we do not encourage frequent use of this power. *Jarman,* 76 N.C. App. at 199, 333 S.E. 2d at 52. In deciding to enter a directed verdict, the trial court should consider all the evidence in the light most favorable to the non-movant and direct the verdict only if the evidence so considered is insufficient as a matter of law to justify a verdict. *See Kelly v. Int. Harvester Co.,* 278 N.C. 153, 158, 179 S.E. 2d 396, 398 (1971). Thus, while the trial court's directing this verdict may have been procedurally permissible, the question remains whether it was proper in light of the evidence at the time it was entered.

The reason for the court's verdict is evident from the transcript and the court's order: the court decided as a matter of law that defendant's admitted failure to disclose a valuable tract of land that was arguably marital property was so manifestly unfair or "unconscionable" as to void the subsequent Agreement—irrespective of whatever defendant's subsequent evidence might show. However, particularly in determining whether the

Agreement was "unconscionable," the court must consider *all* the facts and circumstances surrounding the Agreement. *See Brenner v. Little Red School House, Limited*, 302 N.C. 207, 213, 274 S.E. 2d 206, 210 (1981). While the court found plaintiff had not consulted with an attorney, we note the court made no findings concerning the conflicting evidence whether the parties executed the Agreement before or after their separation. *Compare Eubanks v. Eubanks*, 273 N.C. 189, 196, 159 S.E. 2d 562, 567 (1968) (agreements between spouses must be entered into with full knowledge of circumstances and rights) *and Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E. 2d 117, 119, *cert. denied*, 317 S.E. 2d 703, 347 S.E. 2d 41 (1986) (spouses are fiduciaries until they separate) *with Averitt v. Averitt*, 88 N.C. App. 506, 508-09, 363 S.E. 2d 875, 877-78, *aff'd per curiam*, 322 N.C. 468, 368 S.E. 2d 377 (1988) (failure to disclose legal effect did not void agreement where parties had separated, defendant retained counsel and plaintiff accepted benefits after disclosure).

We therefore hold that on remand the trial court must permit defendant to conclude his evidence on the facts and circumstances surrounding the Agreement before it decides either to submit any issues to the jury or again rules the Agreement was unconscionable as a matter of law. In either case, the trial court and the parties will be given an opportunity to develop more fully the facts in dispute and shed light on the merits of defendant's assertion of the Agreement as a plea in bar. Any errors defendant again desires to assert may be preserved by exception and raised on appeal after the court finally determines at least one of plaintiff's claims.

Reversed and remanded.

Judges ORR and SMITH concur.