CHARLES B. HOFFMAN, EXECUTOR OF THE ESTATES OF RUTH B. HOFFMAN
AND HENRY HOFFMAN, PLAINTIFF-APPELLANT v. MOORE REGIONAL
HOSPITAL, INC., DEFENDANT-APPELLEE

No. 9316SC450

(Filed 5 April 1994)

1. **Hospitals and Medical Facilities or Institutions § 63 (NCI4th) — radiologist not hospital employee — no vicarious liability by hospital for negligence**

Defendant hospital was not vicariously liable for a radiologist's alleged negligence in the performance of an angioplasty procedure under the doctrine of *respondeat superior* because the radiologist was not an employee of the hospital where the patient was referred to the hospital and was assigned to one of the radiologists practicing at the hospital without any expression of preference by the patient; the radiologist was a member of a private group whose members rotated as attending physicians at the hospital; the radiologist's schedule was worked out by members of the group and not by the hospital; and the patient was billed for the radiologist's services by the group rather than by the hospital. An employer-employee relationship was not shown by evidence that the radiologist did not have the authority to admit patients or to write orders for patients, that hospital policy precluded the radiologist from seeing any person who did not have orders from a physician with staff privileges at the hospital, and that hospital policy dictated what lab work would be performed on a patient in preparation for the procedures performed by the radiologist.

**Am Jur 2d, Hospitals and Asylums § 28.**

**Liability of hospital or sanitarium for negligence of physician or surgeon. 51 ALR4th 235.**

2. **Hospitals and Medical Facilities or Institutions § 63 (NCI4th) — negligence by radiologist — hospital not liable on basis of apparent authority**

Defendant hospital was not vicariously liable for a radiologist's alleged negligence based on the doctrine of apparent authority even if the hospital represented in some manner to the patient that the radiologist was its employee where

## HOFFMAN v. MOORE REGIONAL HOSPITAL

[114 N.C. App. 248 (1994)]

there was no evidence of reliance in that there was no evidence that the patient would have sought treatment elsewhere or done anything differently had she known for a fact that the radiologist was not an employee of the hospital.

**Am Jur 2d, Hospitals and Asylums § 28.**

**Liability of hospital or sanitarium for negligence of physician or surgeon. 51 ALR4th 235.**

Appeal by plaintiff from order entered 1 March 1993 by Judge Henry W. Hight, Jr. in Scotland County Superior Court. Heard in the Court of Appeals 8 February 1994.

*The McLeod Law Firm, P.A., by Joe McLeod, for plaintiff-appellant.*

*Elrod & Lawing, P.A., by Rachel B. Hall, for defendant-appellee.*

LEWIS, Judge.

Plaintiff brought this action to recover damages for alleged medical negligence. Plaintiff sought to hold defendant Moore Regional Hospital (hereinafter "Hospital") liable under the theory of *respondeat superior* for the negligence of the treating physician. The Hospital moved for summary judgment on the ground that the physician was not an employee of the Hospital, but was instead an independent contractor. The trial court granted partial summary judgment for the Hospital, dismissing plaintiff's claim concerning any agency relationship between the Hospital and the treating physician. The order, however, did not affect plaintiff's remaining claims of negligence against the Hospital. From the order of partial summary judgment, plaintiff appeals.

On 13 September 1988 plaintiff's decedent, Ruth Hoffman, was admitted to the Hospital with an order from her physician, Dr. John Neal, for a renal arteriogram. Dr. Neal was informed that Hospital policy required that such orders come from a doctor with staff privileges at the Hospital, which he did not have. Dr. Neal made arrangements for a doctor with staff privileges, Dr. Clay Daughtridge, to order the procedure. After receiving Dr. Daughtridge's orders, Nurse Cornelia Blue presented a consent form to Mrs. Hoffman for her signature. The consent form did not specify which radiologist would perform the procedure. Instead, it listed five radiologists, any of whom might perform the arteriogram.

The list of radiologists was comprised of members of Pinehurst Radiology Group. The group performed much, if not all, of the radiology work at the Hospital. Which doctor was to work at the Hospital at a given time was determined internally by the members of the group. Neither the Hospital nor Mrs. Hoffman had a role in that decision. On the date in question, Dr. John Lina was assigned to perform the arteriogram on Mrs. Hoffman.

Dr. Lina met with Mrs. Hoffman and explained the risks and alternatives to the arteriogram procedure. Mrs. Hoffman signed the consent form, and the arteriogram was performed. After Dr. Lina completed the procedure, he determined that angioplasty on Mrs. Hoffman's renal arteries was necessary. Dr. Lina then undertook to perform the angioplasty. During this procedure, Mrs. Hoffman experienced complications which necessitated her transfer by helicopter to Duke University Medical Center. Her condition deteriorated over the next year, and on 9 January 1990, Mrs. Hoffman died.

[1] Plaintiff's first contention on appeal is that the trial court erred in granting partial summary judgment for the Hospital, because Dr. Lina was an employee of the Hospital and as such, the Hospital was vicariously liable for his negligence. Whether an employer-employee relationship exists is a question of fact for the jury when there is evidence which tends to prove it. However, it is a question of law for the court if only one inference can be drawn from the facts. *Smock v. Brantley*, 76 N.C. App. 73, 75, 331 S.E.2d 714, 716 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 30 (1986). The key factor is whether the alleged employer has the right to supervise and control the details of the work performed by the alleged employee. *Hayman v. Ramada Inn, Inc.*, 86 N.C. App. 274, 277, 357 S.E.2d 394, 397, *disc. review denied*, 320 N.C. 631, 360 S.E.2d 87 (1987).

We conclude that no genuine issue of material fact exists as to whether Dr. Lina was an employee of the Hospital. As a matter of law, he was not. In *Smock v. Brantley, supra*, this Court, on similar facts, concluded that no employer-employee relationship existed. There, as here, the patient was referred to the defendant hospital and was assigned to one of the private physicians practicing at the hospital, without any expression of preference by the patient; the treating physician was a member of a private group whose members rotated as attending physicians at the hospital;

the physicians' schedule was worked out by the members of the group, not the hospital; and the patient was billed for the physician's services by the group, not the hospital. *Smock*, 76 N.C. App. at 75-76, 331 S.E.2d at 716.

In the instant case, plaintiff argues that the Hospital's right to control the work of Dr. Lina was evidenced by the fact that Dr. Lina did not have the authority to admit patients or to write orders for patients; that hospital policy precluded Dr. Lina from seeing any person who did not have orders from a physician with staff privileges at the Hospital; and that hospital policy dictated what lab work would be performed on a patient in preparation for the procedures performed by Dr. Lina. These facts, however, are merely examples of the Hospital's general policy rules. They are not indicative of that kind of control and supervision over the details of a physician's work that a plaintiff must show in order to prove that there was an employer-employee relationship.

Plaintiff also contends that the evidence showed that a contract existed between the Hospital and Pinehurst Radiology Group, and that, therefore, the case of *Willoughby v. Wilkins*, 65 N.C. App. 626, 310 S.E.2d 90 (1983), *disc. review denied*, 310 N.C. 631, 315 S.E.2d 697-98 (1984), is controlling. We note that the only evidence of a contract that plaintiff points to is the affirmative response by an x-ray technologist at deposition to the question: "Do they [Pinehurst Radiology Group] have some type of agreement to provide the radiological services in the Radiology Department at the Hospital?" Thus, if there was an agreement, there is no evidence in the record of its contents. Moreover, the mere existence of an agreement does not compel the result reached in *Willoughby*.

In *Willoughby*, this Court concluded that there was sufficient evidence of an employer-employee relationship between a hospital and a physician to submit the case to the jury. The Court found significant the physician's and hospital's contract of employment. There, the contract provided that, *inter alia*: the physician was to conduct his work so as to further the best interest of the hospital and to meet the approval of the hospital; a specified number of days for educational leave and vacation were available to the physician; the physician's work schedule was subject to hospital approval; and the physician would not maintain a private practice. *Willoughby*, 65 N.C. App. at 634-35, 310 S.E.2d at 96. In contrast, the only evidence relating to a contract in the instant case is the

x-ray technologist's testimony that there was some type of agreement. Accordingly, plaintiff's reliance on *Willoughby* is misplaced. Because Dr. Lina was not subject to the supervision and control of the Hospital, we conclude that Dr. Lina was not an employee of the Hospital.

[2] Plaintiff's second argument is that even if there was no employer-employee relationship, the Hospital may still be held vicariously liable based on the doctrine of apparent agency. That doctrine holds that a principal who represents to a third party that another is his agent is liable for harm caused the third party by the apparent agent if the third party justifiably relied on the principal's representation. *Hayman*, 86 N.C. App. at 278, 357 S.E.2d at 397.

In the case at hand, assuming, *arguendo*, that the Hospital represented in some manner to plaintiff that Dr. Lina was its agent, plaintiff's claim still must fail, as plaintiff has put forth no evidence that Mrs. Hoffman relied on any such representation. There is no evidence in the record that Mrs. Hoffman would have sought treatment elsewhere or done anything differently had she known for a fact that Dr. Lina was not an employee of the hospital. *See Hayman*, 86 N.C. App. at 279, 357 S.E.2d at 398. There being no evidence of reliance, plaintiff's claim of apparent agency must fail.

Because there was no basis on which to hold the Hospital vicariously liable for the alleged negligence of Dr. Lina, the trial court properly granted partial summary judgment dismissing plaintiff's agency claim.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges JOHNSON and EAGLES concur.