THOMAS JUNIOR JOHNSON, Plaintiff v. ESSIE BROWN JOHNSON, Defendant

No. COA10-276

(Filed 16 November 2010)

**Appeal and Error— interlocutory order—no certification—no substantial right**

Defendant wife's appeal in a divorce case was dismissed as being from an interlocutory order. The order was not properly certified under N.C.G.S. § 1A-1, Rule 54(b) and it did not affect a substantial right.

**JOHNSON v. JOHNSON**

[208 N.C. App. 118 (2010)]

Appeal by Plaintiff from order dated 19 August 2009 by Judge Peter Mack in Carteret County District Court. Heard in the Court of Appeals 16 September 2010.

*Lea, Rhine & Rosbrugh, PLLC, by James W. Lea, III and Lori W. Rosbrugh, and Dennis T. Worley, for Plaintiff.*

*Schulz Stephenson Law, by Bradley N. Schulz and Sundee Stephenson, for Defendant.*

STEPHENS, Judge.

Plaintiff-husband initiated this action by filing a complaint for absolute divorce on 7 June 2005. In his complaint, Plaintiff alleged that he separated from Defendant-wife in June 1994. Plaintiff also alleged that the parties entered into a 10 November 2005 Separation Agreement and Property Settlement ("Agreement") "wherein the parties resolved all claims pursuant to N.C.G.S. § 50-20."

In her responsive pleading, dated 29 September 2005 and amended 23 October 2008, Defendant raised several affirmative defenses to Plaintiff's allegation of the Agreement and also brought forth counterclaims seeking divorce from bed and board, postseparation support, alimony, attorney fees, equitable distribution, and rescission "of separation agreement and real property deeds."

In February 2007, Defendant filed a motion for summary judgment on the issues of the validity of the Agreement and the date of separation; shortly thereafter, Plaintiff filed his own motion for summary judgment. Both motions were denied.

Between 7 October 2008 and 29 July 2009—which included a long break in the proceedings to allow Defendant to amend her pleadings—the court conducted a hearing on the Defendant's motion to set aside the Agreement and to establish the date of separation.

Following the hearing, the trial court entered its Order Setting Aside Separation Agreement and Establishing Date of Separation ("Order"). In the Order, the trial court set out the following conclusions of law, *inter alia*:

10. The plaintiff has moved for certification of this order pursuant to Rule 45(b) [sic], and over the objections of counsel for defendant, the court concludes that there are sufficient grounds that this order should be certified for immediate appeal.

11. Additionally, and again, over the objection of counsel for the defendant, plaintiff has asked that the court conclude that this order involves matters of substantial right, and the court concludes that it does.

The trial court thereupon ordered as follows:

1. That Defendant's Motion to Set Aside the Parties' Separation Agreement in its entirety is hereby GRANTED.

2. That the parties' date of separation is June 9, 2005.

3. This Order resolves the issue of the validity of the separation agreement and the issue of the date of separation of the parties.

4. This judgment is not interlocutory and the court finds that it effects [sic] a substantial right, because it effects [sic] a substantial amount of property, and plaintiff's motion for certification of the immediate appeal per rule 54(b) is allowed.

5. Plaintiff's claim for an absolute divorce and Defendant's claims for post separation support, alimony, attorney fees and equitable distribution survive this order.

Plaintiff gave his notice of appeal from the Order on 1 September 2009. In her brief, Defendant asks this Court to dismiss Plaintiff's appeal as interlocutory because the Order was not properly certified under N.C. Gen. Stat. §1A-1, Rule 54(b) and because the Order does not affect a substantial right of Plaintiff. We agree with Defendant's contention and accordingly dismiss Plaintiff's appeal as interlocutory.

In addressing the appealability of the Order, we first note that, regardless of the trial court's determination otherwise, the trial court's Order is, in fact, interlocutory.

A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 488, 251 S.E.2d 443, 445 (1979) (ellipsis omitted) (quoting *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950)).

Based on the trial court's indication that several other claims by both parties survive the Order, there can be no doubt that the trial court's Order left the case for further action by the trial court "in order to settle and determine the entire controversy." *Id.* Thus, the Order is clearly interlocutory.

Immediate appeal from an interlocutory order such as this one may be pursued by either of two avenues.

First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal. N.C.R. Civ. P. 54(b). Second, an interlocutory order can be immediately appealed under N.C. Gen. Stat. §§ 1-277(a)[] and 7A-27(d)(1)[] if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996) (citation and internal quotation marks omitted), *disc. rev. denied*, 345 N.C. 340, 483 S.E.2d 161 (1997).

Because the trial court's Order seems to implicate both Rule 54(b) and the substantial right analysis, we address each separately to determine whether the Order may be appealed under either theory.

### I. Rule 54(b)

N.C. Gen. Stat. §1A-1, Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, . . . the court may enter a final judgment as to one or more but fewer than all of the claims . . . only if there is no just reason for delay and it is so determined in the judgment." N.C. Gen. Stat. § 1A-1, Rule 54(b) (2009). "Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes." *Id.*

The trial judge ordered that the judgment "effects [sic] a substantial right, because it effects [sic] a substantial amount of property, and plaintiff's motion for certification of the immediate appeal per rule 54(b) is allowed." This order by the trial judge is an effective certification pursuant to Rule 54(b). *See Smock v. Brantley*, 76 N.C. App. 73, 74-75, 331 S.E.2d 714, 716 (1985) (holding that the trial court's order "that denial of an immediate appeal would affect a substantial right of plaintiffs" was "tantamount to a certification that there was no just reason for delay," and concluding that "the appeal has been

effectively certified and is therefore properly before [this court]"), *disc. rev. denied*, 315 N.C. 590, 341 S.E.2d 30 (1986).

Along with an effective certification, Rule 54(b) also requires that the judgment be final "as to one or more but fewer than all of the claims[.]" N.C. Gen. Stat. § 1A-1, Rule 54(b). Although the trial judge here stated that "[t]his judgment is not interlocutory"—presumably indicating that the judgment is final—a trial court cannot "by denominating [its] decree a 'final judgment' make it immediately appealable under Rule 54(b) if it is not such a judgment." *Tridyn Indus.*, 296 N.C. at 491, 251 S.E.2d at 447. Accordingly, appellate courts may review whether the judgment certified for appeal under Rule 54(b) is indeed a final, appealable judgment on a party's claim. *Id.* We conclude that, regardless of the trial court's finding and certification, the Order is not a final judgment on a claim for relief and is not appealable under Rule 54(b).

The threshold question on this issue is whether the trial court entered a final judgment as to a "claim for relief." The Order purports to be a final judgment on the issues of the date of separation and the validity of the Agreement. Because the issue of the date of separation is not a claim for relief, immediate appeal on that issue under Rule 54(b) is not available. Accordingly, we address only whether the trial court's determination of the validity of the Agreement is immediately appealable.

In his complaint, Plaintiff alleged that Defendant was not entitled to equitable distribution based on the Agreement. Plaintiff's allegation of the Agreement is properly characterized as a preemptive plea in bar—essentially, an anticipated response to Defendant's potential counterclaims for divorce, postseparation support, alimony, and equitable distribution. *See Garris v. Garris*, 92 N.C. App. 467, 468, 374 S.E.2d 638, 639 (1988) (holding that defendant's allegation that "a valid separation/property settlement agreement [] waived all of plaintiff's marital rights" is "properly characterized as a plea in bar to plaintiff's complaint"). In her amended answer, Defendant counterclaimed for postseparation support, alimony, and equitable distribution; Defendant also raised various defenses to Plaintiff's plea in bar in which Defendant asked the court to "set aside" the Agreement.

The Order granting Defendant's motion to set aside the Agreement is properly viewed as a judgment on Plaintiff's plea in bar. As such, the Order is not immediately appealable because an order disposing of a plea in bar is not a final judgment on a claim for relief

under Rule 54(b). *Garris*, 92 N.C. App. at 470, 374 S.E.2d at 640 ("Since the court's ruling only disposed of defendant's plea in bar, the ruling did not finally adjudicate any of plaintiff's claims. The ruling was thus not certifiable as a final appealable order under Rule 54(b).").

Although Defendant also set forth a counterclaim for rescission in her amended answer, the Order speaks the language of Defendant's defenses, which ask the court to set aside the Agreement, and does not mention at all Defendant's rescission claim. The Order purports to grant Defendant's "Motion to Set Aside the Parties' Separation Agreement" without making any ruling on the claim for rescission. Such a ruling, viewed as a judgment on Defendant's affirmative defenses, is not immediately appealable as it does not render final judgment on any *claim* put forth by either party. *See Yordy v. N.C. Farm Bureau Mut. Ins. Co.*, 149 N.C. App. 230, 231, 560 S.E.2d 384, 385 (2002) ("A defense raised by a defendant in answer to a plaintiff's complaint is not a 'claim' for purposes of Rule 54(b).").

Nevertheless, were this court to interpret the Order as rendering judgment on Defendant's rescission claim, we would again conclude that Rule 54(b) is not satisfied because the judgment on the rescission claim is not final as to that entire claim.

In her amended complaint, Defendant's sixth counterclaim seeks rescission of two sets of documents: "the separation agreement" and "any and all real property deeds executed . . . subsequent to the execution of the separation agreement[.]" The rescission counterclaim therefore contains two separate sub-claims.

However, the Order only sets aside the Agreement and does not set aside any subsequent property deeds. Presumably that portion of Defendant's rescission counterclaim is still viable. Therefore, the Order is not a final judgment on this entire claim. Rather, it is a final judgment on only a portion of the rescission claim. Such a judgment is not a final judgment as to a claim for relief under Rule 54(b) and is, thus, not immediately appealable.

The above discussion notwithstanding, because Defendant's prayer for relief included a request that the court set aside the Agreement, this Court could opt to treat Defendant's defenses seeking to set aside the Agreement as counterclaims. *See McCarley v. McCarley*, 289 N.C. 109, 113, 221 S.E.2d 490, 493 (1976) (holding that defendant's answer admitting allegations together with his prayer for absolute divorce "was, in effect, a counterclaim"); *see also* N.C. Gen.

JOHNSON v. JOHNSON

[208 N.C. App. 118 (2010)]

Stat. § 1A-1, Rule 8(c) (2009) ("When a party has mistakenly desig-
nated a defense as a counterclaim or a counterclaim as a defense, the
court, on terms, if justice so requires, shall treat the pleading as if
there had been a proper designation."). Even in that case, however,
we must still conclude that Rule 54(b) is not satisfied.

Our Supreme Court has cautioned that in a case involving only
two parties, "it is important in applying Rule 54(b) to distinguish the
true multiple claim case from the case in which only a single claim
based on a single factual occurrence is asserted but in which various
kinds of remedies may be sought." *Tridyn Indus.*, 296 N.C. at 490, 251
S.E.2d at 447. Although there certainly are multiple claims in this
case, we are not convinced that this case is a "true multiple claim
case." In our view, this case is more analogous to a claim based on a
single factual occurrence because Defendant's "claims" to set aside
the Agreement and the other claims by the parties arise out of the
same series of transactions: the signing of the Agreement, the alleged
separation of the parties, and their ensuing marital conduct. *Accord
Gardner v. Gardner*, 294 N.C. 172, 176, 240 S.E.2d 399, 403 (1978)
(concluding that husband's divorce claim arises out of same transac-
tion or occurrence as wife's abandonment claim).[1]

As stated in *Tridyn Indus.*, Rule 54(b) "should be seen as a com-
panion to other rules of procedure which permit liberal joinder of
claims and parties. See particularly [N.C. Gen. Stat. §] 1A-1, Rules 13,
14, 17-24." *Tridyn Indus.*, 296 N.C. at 490, 251 S.E.2d at 446. In
response to the increased liberality of joinder rules, Rule 54(b) was
promulgated to allow final decisions on some but less than all claims
to be "treated as a judicial unit for purposes of appellate jurisdiction."
*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432, 100 L. Ed. 1297,
1304 (1956).[2] However, those claims that are inherently inseparable
with other pending claims should not be immediately appealed under
Rule 54(b). *See id.* at 436, 100 L. Ed. at 1306 (suggesting that a court
may abuse its discretion in certifying an order under Rule 54(b) by
certifying claims that are so inherently inseparable from, are so

---

1. Although the result in *Gardner* was superceded by legislative amendment,
*Gardner v. Gardner*, 48 N.C. App. 38, 42, 269 S.E.2d 630, 632-33 (1980), the analysis in
*Gardner* is still persuasive at least.

2. "The North Carolina Rule 54(b) is substantially similar to its Federal counterpart,
as that Rule was amended in 1961, and we have therefore appropriately considered
Federal decisions and authorities for guidance and direction in the interpretation of our
Rule." *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 165, 265 S.E.2d 240, 242-43,
*review allowed and appeal dismissed*, 301 N.C. 92, —— S.E.2d —— (1980).

closely related with, or cannot be decided independently of the other claims pending with the trial court); *see also Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1096 (2d Cir. 1992) (holding that "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification").

In this case, the trial court rendered a final judgment on Defendant's "claim" to set aside the Agreement. Although Defendant's "claim" to set aside the Agreement can be decided independently of the other claims, none of the other claims can be decided independently of Defendant's "claim" to set aside the Agreement: Plaintiff's claim for absolute divorce is subject to a year-long separation requirement, which Plaintiff argues is satisfied based on the separation date contained in the Agreement; Defendant's claim for divorce from bed and board depends on whether Plaintiff's conduct occurred during the marriage or during separation; Defendant's postseparation support claim depends on the separation date and the validity of the Agreement; and Defendant's equitable distribution and permanent alimony claims are fully dependent on the disposition of this "claim" and have been continued by the trial court.

Instead of being a separate judicial unit, the judgment on this "claim" is more properly characterized as a threshold determination of the validity of the remaining claims. As the trial court stated in the Order, "[t]his Order resolves the *issue* of the validity of the separation agreement and the *issue* of the date of separation of the parties." (Emphasis added). Although determination of these issues is important in the resolution of this case, Rule 54(b) does not provide for piecemeal appeal of every determination by the trial court that purports to resolve a major issue.

Because the Order does not fully and finally adjudicate a claim for relief separable from the remaining claims in the case, we conclude the Order is not immediately appealable under Rule 54(b).

## II. Substantial rights

A trial court's interlocutory order may be immediately appealed if the decision deprives the appellant of a substantial right which would be lost absent immediate review. *Bartlett*, 124 N.C. App. at 524, 477 S.E.2d at 695; *see also* N.C. Gen. Stat. §§ 1-277(a), 7A-27(d) (2009). Notwithstanding the trial court's conclusion that the Order "effects [sic] a substantial right, because it effects [sic] a substantial amount of property," we conclude that the Order does not affect a substantial right such that the Order is not immediately appealable.

The Order setting aside the Agreement and allowing Defendant to proceed on her claims is analogous to the court's refusal to dismiss Defendant's claims for equitable distribution, postseparation support, and alimony despite Plaintiff's assertion of some affirmative defense. *See Garris*, 92 N.C. App. at 470, 374 S.E.2d at 640. Such a refusal would not affect a substantial right entitling Plaintiff to appeal the interlocutory ruling. *Id.*; *see also Johnson v. Pilot Life Ins. Co.*, 215 N.C. 120, 1 S.E.2d 381 (1939) (denial of motion to dismiss based on release and statute of limitations does not affect substantial right). "No substantial right of [Plaintiff] will be lost or prejudiced by delaying his appeal until the final judgment on [Defendant's remaining] claims." *Garris*, 92 N.C. App. at 470, 374 S.E.2d at 640.

As for the trial court's conclusion that the Order affects a substantial right because it affects a substantial amount of property, this Court has consistently held that interlocutory appeals challenging the financial repercussions of a separation or divorce do not affect a substantial right. *See, e.g., Embler v. Embler*, 143 N.C. App. 162, 545 S.E.2d 259 (2001) (dismissing appeal because equitable distribution order that explicitly left open the related issue of alimony did not affect substantial right); *Stafford v. Stafford*, 133 N.C. App. 163, 515 S.E.2d 43, (holding that date of separation used by trial court in its entry of order granting absolute divorce did not affect substantial right), *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999). Although the Order setting the date of the separation of the parties may have negative financial repercussions for Plaintiff, there is no evidence to indicate that a substantial right of Plaintiff will be irremediably adversely affected by delaying his appeal until the final judgment on the remaining claims in the matter.

Accordingly, we conclude that the Order does not affect a substantial right of Plaintiff and is not immediately appealable. Therefore, Plaintiff's appeal is

DISMISSED.

Judge ELMORE concurs.

Judge JACKSON concurs in separate opinion.

JACKSON, Judge, concurring by separate opinion.

**JOHNSON v. JOHNSON**

[208 N.C. App. 118 (2010)]

Although I agree with the majority that plaintiff-husband's appeal should be dismissed, I write separately to emphasize that an appellant must argue in his brief that his appeal affects a substantial right in order to be entitled to appellate review of the matter. Because plaintiff-husband did not contend that his appeal affects a substantial right—but rather, solely relied upon the trial court's Rule 54(b) certification—I would not address whether or not a substantial right is affected by the trial court's order.

We previously have held that an appellant bears the burden of demonstrating that an appeal is properly before this Court. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam). When the appeal is based upon an interlocutory order, "the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Id.* (quoting N.C. R. App. P. 28(b)(4)). "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). When the appellant fails to carry its burden, its appeal will be dismissed. *Id.*

In the case *sub judice*, plaintiff-husband's "Statement of the Grounds for Appellate Review" reads in its entirety,

> The Order appealed from is subject to immediate appellate review as it is a final judgment of fewer than all of the claims of the parties, pursuant to Rule 54 (b) of the North Carolina Rules of Civil Procedure, and further pursuant to the granting by the trial court of Plaintiff's motion for certification for immediate appeal in accordance with said Rule 54(b) on that basis that there is no just reason for delay.

Because plaintiff-husband did not carry his burden of demonstrating that his appeal of an interlocutory order affects a substantial right, I would not address whether the appeal does, in fact, affect such a right. Based upon the majority's analysis that plaintiff-husband's appeal also does not satisfy the requirements of Rule 54(b), I agree with the majority that his appeal is not properly before us, and therefore, should be dismissed.