DILLON, Judge, concurring.
I agree with the result reached by the majority. However, I write separately because I disagree with the majority's analysis as to why we have appellate jurisdiction.
This appeal is interlocutory because it is from an order granting partial summary judgment. The majority concludes that we have appellate jurisdiction based on the trial court's Rule 54(b) certification. See N.C. R. Civ. P. 54(b). I disagree with this conclusion, because the trial court did not meet the requirement under Rule 54(b) that it find in its order that there is "no just cause for delay." Notwithstanding the trial court's failure to properly certify its order as a final judgment under Rule 54(b), I conclude that we have appellate jurisdiction, nonetheless, because the trial court's order affects a substantial right which would otherwise be lost. My reasoning is as follows:
It is the General Assembly which is constitutionally empowered to determine our appellate jurisdiction. N.C. Const. Art. IV, sec. 12 (2) ("The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe."). In Chapter 7A of our General Statutes, our General Assembly has provided for situations where a party has the right to appeal an interlocutory order; for instance, when the order affects a substantial right. N.C. Gen. Stat. § 7A-27(b).
The General Assembly has also empowered the trial court with the discretion to certify judgments entered as to fewer than all the claims or parties as "final judgments" subject to immediate review, but "only if" it determines "in the judgment" that "there is no just reason for delay." N.C. R. Civ. P. 54(b). That is, the plain language of Rule 54(b) states that a judgment as to some, but not all, of the claims is not generally a final judgment and "is subject to revision at any time before the entry of judgment adjudicating" all of the remaining claims. Id . But, the trial court has the discretion to render such judgment a final judgment by stating in the order that there is no just reason for delay: "[T]he court may enter a final judgment as to [fewer] than all the claims [ ] only if there is no just reason for delay and it is so determined in the judgment." Id .
*589 The partial summary judgment order at issue here is the type which the trial court has the discretion to certify as a final judgment since the order constitutes a judgment as to some, but not all, of the claims. However, the trial court has not properly exercised its discretion to certify the order as a final judgment. The trial court could have done so only if it had "determined in the judgment" that "there is no just reason for delay." Id . The trial court, however, made no such determination. Rather, it merely declared its interlocutory order as a final judgment based on its determination that its order affects a substantial right-the possibility of inconsistent verdicts[3] -stating as follows:
The Court further finds and concludes, upon consideration of Plaintiffs' request for Certification for Immediate Appeal, that immediate appeal is appropriate pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, because this Order disposes of the majority of Plaintiffs' claims, and if the remaining claims proceeded to trial, there is a possibility of verdicts inconsistent with the Court's ruling in this case.
Whether the order affects a substantial right is a question of law which is to be determined by our Court de novo . The trial court does not have the discretion to determine that its interlocutory order affects a substantial right, thereby conferring appellate jurisdiction on that basis. It only has the discretion to certify an interlocutory order constituting a judgment regarding some claims or parties-which would otherwise be subject to revision as an interlocutory order-as a final judgment and, therefore, make it subject to immediate review under Rule 54(b).
Our Supreme Court has recently held that the plain language of Rule 54(b) requires that the trial court expressly state in the order that it has determined that there is "no just reason for delay" for it to be properly certified as a final judgment. Specifically, our Court held that a certification by a trial court "requires" that the determination by the trial court that "there [is] no just reason [for] delay" must "be stated in the judgment itself " to constitute proper certification under Rule 54(b). Branch Banking and Trust Co. v. Peacock Farm, Inc. , 241 N.C. App. 213, 218, 772 S.E.2d 495, 499 (2015) (emphasis in original). Our Supreme Court affirmed this holding per curiam "[f]or the reasons stated in the majority opinion[.]" BranchBanking and Trust Co. v. Peacock Farm, Inc. , 368 N.C. 478, 478, 780 S.E.2d 553, 553 (2015).
In another case, our Supreme Court reviewed an order for partial summary judgment in which the trial court expressed an intention that the parties be permitted to appeal immediately but failed to make the determination that there was "no just reason for delay." Oestreicher v. American Nat'l Stores, Inc. , 290 N.C. 118, 126-27, 225 S.E.2d 797, 803-04 (1976). Our Supreme Court suggested that the trial court probably intended to certify its order as a final judgment and that its omission of the required language was probably due to "inadvertence." Id. at 129, 225 S.E.2d at 804-05. However, our Supreme Court determined that it had jurisdiction over the appeal, not because the trial court had certified the judgment as a final judgment pursuant to Rule 54(b), but rather pursuant to N.C. Gen. Stat. 7A-27, based on its own determination that the partial summary judgment order affected a substantial right. Id. at 130, 225 S.E.2d at 805 ("We believe that a 'substantial right' is involved here.... The Court of Appeals was in error in dismissing this appeal.").[4]
*590 I, nonetheless, conclude that the trial court's partial summary judgment order before us does affect a substantial right. For instance, the order expressly denies Plaintiffs the right to a jury trial on their remaining claims. And an interlocutory order denying a party the right to a jury trial affects a substantial right. See, e.g., In re Ferguson , 50 N.C. App. 681, 682, 274 S.E.2d 879, 879 (1981). Accordingly, I believe we have appellate jurisdiction over this appeal, and I agree with the majority's holding on the merits.

Our Supreme Court has recognized that a substantial right may be affected where an order subjects a party to the possibility of separate trials on its claims may result in "inconsistent verdicts." See, e.g., Green v. Duke Power , 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).

I recognize that our Court, on occasion, has held that trial court's determination that its order would affect a substantial right "was tantamount to certification that there was no just reason for delay," and therefore properly certified the order under Rule 54(b). Smock v. Brantley , 76 N.C. App. 73, 74, 331 S.E.2d 714, 716 (1985) ; see also Johnson v. Johnson , 208 N.C. App. 118, 121, 701 S.E.2d 722, 725 (2010) (following the reasoning in Smock ); Garris v. Garris , 92 N.C. App. 467, 470, 374 S.E.2d 638, 640 (1988). However, I conclude that these holdings are at odds with the plain language of Rule 54(b) and of the jurisprudence from our Supreme Court. A trial court has not been empowered with the discretion to determine for the appellate courts what constitutes a substantial right; it has only been granted the discretion to determine whether there is "no just reason for delay."